NOTE.

AT the same time with the preceding case was adjudged another from the same circuit, on the same general subject, and depending on certain parts of the statute already quoted; the new case having, however, two additional questions. It was the case of

### ERSKINE *v.* VAN ARSDALE.

1. Under the act of March 2d, 1867, thimble-skeins and pipe-boxes, made of iron, are exempt from duty, whether cast or wrought.
2. Taxes illegally assessed and paid may always be recovered back, if the collector understands from the payer that the taxes are regarded as illegal and that suit will be instituted to recover them.

8. Where an illegal tax has been collected, the citizen who has paid it and has been obliged to bring suit against the collector is entitled to interest, in the event of recovery, from the time of the alleged exaction.

IN this suit Van Arsdale sued Erskine, a collector of internal revenue, to recover back certain taxes paid by him after March 2d, 1867, on thimble-skeins and pipe-boxes made of iron. Upon the trial—there having been evidence tending to show that thimble-skeins and pipe-boxes are made *from castings,* or, in other words, undergo a process of manufacture before they become these articles in a completed or finished state—the court instructed the jury that, " by the act approved March 2d, 1867, thimble-skeins and pipe-boxes made of iron are exempted; these articles are exempt, whether cast or wrought, and that no tax could be legally assessed after the date of that act."

Passing to another part of the case, the court also instructed the jury, that "if the collecting officer had notice at the time of payment from the taxed person that the tax was illegal, and that he would take measures to recover it back, the action may be maintained for all the taxes paid."

The court also instructed the jury, that if they found for the plaintiff they might add interest.

To these instructions exception was taken, and the question whether any of them were erroneous was now before this court by writ of error.

*Mr. G. H. Williams, Attorney-General, for the plaintiff in error; Mr. J. W. Carey, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

In regard to the first instruction given, it is not denied that the act of March, 1867, did exempt thimble-skeins and pipe-boxes. But it is claimed that the taxes paid were assessed upon them as castings, and that the charge was calculated to mislead the jury.

We think otherwise. It is true that by the act of July 13th, 1866, a duty of three dollars a ton was imposed on castings of iron not otherwise provided for. By the same act, however, castings for iron bridges, malleable iron castings, and certain other castings, were exempt. Under this act, we have already decided that thimble-skeins and pipe-boxes of iron were subject

to duty; but by the act of March 2d, 1867, these articles were expressly exempted, and we think it would be too narrow a construction to say that the castings were liable, the articles themselves being exempt.    This disposes of the first exception.

·We think, as respects the second one, that there is no error in the charge prejudicial to the defendants.    Taxes illegally assessed and paid may always be recovered back, if the collector understands from the payer that the taxes are regarded as illegal and that suit will be instituted to compel the refunding of them.

The third exception is to the instruction, that if the jury found for the plaintiff they might add interest.    This was not contested upon the argument, and we think it clearly correct. The ground for the refusal to allow interest is the presumption that the government is always ready and willing to pay its ordinary debts.    Where an illegal tax has been collected, the citizen who has paid it, and has been obliged to bring suit against the collector, is, we think, entitled to interest in the event of recovery, from the time of the illegal exaction.

JUDGMENT AFFIRMED.