Mr. Justice Mac Arthur
delivered the opinion of the COUl’t.
We think this case is ruled by the late decision of the Suppreme Court, in the Union Pacific R. R. Co. v. Commissioners of County of Dodge, in the State of Nebraska, not yet reported, but the printed opinion was referred to in argument and furnished to the court.*
There the county authorities had levied a tax upon land-grant lands belonging to the railroad, and there was some dispute about whether they were taxable. The assessments were made in 1871 and 1872, and a warrant was issued for their collection, but no steps had been taken to enforce the warrant. The railroad company went to the office of the collector and paid the taxes of 1871, in May, 1872, and the taxes of 1872, in May, 1873. They also protested that the lands were not subject to taxation, and that they intended to institute an action at law to recover the amount which they had paid. The Supreme Court held that to be a volun *46 tary payment notwithstanding the protest of the company, and that the action could not be maintained. Chief Justice Waite, who delivered the opinion of the court, observes : “ Under such circumstances we cannot hold that the payment was compulsory in such a sense as to give a right to the present action.”'
' It will be seen from this decision that it is only when the tax has been paid compulsorily that a protest will avail a party. There are a number of cases decided where goods have been released from import duties, and where the importer has made his protest and given notice that he will commence an action to recover the amount, but these actions are maintained on the ground of duress, for it is only by payment of the duties that the goods were released. Elliott vs. Swartwout, 10 Pet., 137; Bond vs. Hoyt, 13 Pet., 236; Philadelphia vs. Collector, 5 Wall., 730; Collector vs. Hubbard, 12 Wall., 13; Erskine vs. Van Arsdale, 15 Wall., 75.
The counsel for complainant, in his brief, refers to the case of Erskine vs. Van Arsdale, 15 Wall., 75, in which the party instituted a suit to recover a tax collected under the internal revenue act for duties imposed upon some articles of iron, and it was there held that the cause was maintainable and the party entitled to recover interest.
It is remarked in the opinion already, cited, that Erskine vs. Van Arsdale is like the cases that have preceded it, where the goods have been released upon the payment of the taxes. It is impossible for us to distinguish the case now before us from that of the Pacific Railroad Co. vs. The County of Dodge. The doctrine of that decision may be briefly stated to be, that where’ a party pays a tax with a full knowledge of the facts which render it illegal, without any attempt having been made by the municipal authorities to enforce its collection, such payment must be deemed voluntary, and cannot be recovered back, and the fact that the party, at the time of making the payment, serves a written protest, does not make the payment involuntary. It follows, that if there is no liability for the principal, there can be no valid claim for interest.
*47 The plaintiffs aver in their declaration that the taxes were paid under coercion, but the agreed statement of facts shows that duress was out of the question ; that the District collector received the money at the solicitation of the college authorities, and to relieve them from an embarrassment growing out of the assessment. It does not appear that a single step had been taken towards enforcing this tax. It was urged in argument by complainant’s counsel that there is a stipulation by which coercion, or something very like it, is admitted. The stipulation is very brief, and is to the effect that the plaintiff was exempted from taxation, and that the District has paid back the precise amount paid by the college.
This merely stipulates. that the property was to be considered as exempt from taxation for the purposes of this case, but it does not stipulate that the District had taken any steps at all to compel the payment of the tax, and the facts are in the very teeth of any such supposition as that.
Dpon the whole, we think that it is impossible to maintain this action, in view of the express decision referred to. There must be judgment, therefore, in favor of the defendant, upon the stipulation of the parties.

 Railroad Co. vs. Commissioners, 98 U. S., 541.