### MOLLER and others *v.* MERRITT.

*(Circuit Court, S. D. New York. January 31, 1887.)*

CUSTOMS DUTIES—REV. ST. U. S. §§ 2931, 3011, 3012.

A suit against a collector of customs, to recover duties under section 2931, Rev. St. U. S., was brought in time as to two importations, but prematurely brought as to a third importation, in that 90 days since the appeal required by that section had not elapsed, and no decision of the secretary of the treasury made; and as to a fourth importation, in that no such decision, or an appeal or protest, also required by that section, had been made. Subsequently to the commencement of this suit such protest, appeal, and decisions were made. Thereafter plaintiffs' complaint and bill of particulars and defendant's answer were served. The collector refunded the duties sued for as to the first two importations, but refused to refund those sued for in case of the last two importations, *solely* on the ground that as to them suit was prematurely brought. *Held,* that a recovery in the suit upon the last two importations was authorized by sections 2931, 3011, 3012, Rev. St. U. S., when construed together.

This action was *commenced June 30, 1881,* to recover alleged excessive duties exacted of the plaintiffs by the defendant, as collector of customs, upon four importations of sugar made by them by the steamer Newport, March, 23, 1881; the Giles Loring, March 14, 1881; the Niagara, April 28, 1881; and the Venerata, May 31, 1881. The grades or Dutch standards in color of these sugars, according to which sugars were dutiable under the provisions therefor contained in Schedule G of section 2504 of the United States Revised Statutes, were determined by the collector as shown by chemical tests or by the polariscope, and the duties on the sugars accordingly exacted.

In the case of the Newport, liquidation of duties was made April 29, 1881; protest and appeal, April 30, 1881; and decision of the secretary, May 27, 1881. In the case of the Giles Loring, liquidation was made April 21, 1881; protest and appeal, April 25, 1881; and secretary's decision, May 27, 1881. In the case of the Niagara, liquidation was made May 24, 1881, payment in part, April 28, 1881, and in part, June 2, 1881; protest and appeal, May 27, 1881; and secretary's decision, July 18, 1881. In the case of the Venerata, liquidation was made July 2, 1881; payment, May 31, 1881; protest and appeal, July 8, 1881; and secretary's decision, July 23, 1881.

The plaintiffs' unverified complaint, (served August 19, 1881,) after alleging that defendant was collector of customs; that plaintiffs were

partners in trade under the firm name of Moller, Sierck & Co., and as such made the importations in question; and that the rate and amount of duty exacted was as therein set forth,—further alleges:

"(5) That plaintiffs filed with said defendant due and timely protests in writing, upon each entry of said goods, against," etc.; (6) that plaintiffs made due and timely appeals, in each case, to the secretary of the treasury, who has affirmed the decision of defendant as to certain of said entries, and as to the rest of said entries has neglected to answer said appeals, and more than ninety days had elapsed since said unanswered appeals when this action was commenced; (7) that the bill of particulars hereto annexed states, for each importation separately, the date of entry at the custom-house, of the payment of duty in excess, of the filing of the said protests, of the appeal to the secretary of the treasury, and of his decision thereon, together with the other particulars required by law, and is made a part thereof; (8) that said sum so exacted as aforesaid has never been repaid," etc.

The defendant's answer, in its fourth and fifth paragraph, puts in issue plaintiffs' allegations as to protests, appeals, secretary's decisions, etc. Plaintiffs' bill of particulars was served August 19, 1881, setting forth the particulars required by section 2931, Rev. St. U. S.

At its October term, 1881, the United States supreme court, in the case of *Merritt* v. *Welsh*, 104 U. S. 694, decided that the determination of the grade, or Dutch standard in color, of sugar, by the polariscope, was contrary to law. March 14, 1882, (see page 63, Synopsis Dec. 5154, Treas. Depart. 1882, herewith submitted,) the secretary of the treasury, after citing the Welsh decision, authorized a refund in similar cases upon entries not then liquidated, and upon entries not liquidated more than 10 days at the date mentioned, (March 14, 1882;) and also that, "in other cases, where the provisions of law necessary to protect the rights of the importers shall have been duly complied with, the entries will be adjusted upon the proper basis, and certified statements forwarded for a refund of the money overpaid, with interest and accrued costs, where suits have been instituted."

March 29, 1882, it was stipulated by the attorneys for the respective parties that this action be discontinued, and that the amount due the plaintiffs be ascertained and certified at the New York custom-house under the authority of the above-mentioned letter of the secretary of the treasury; and on the same day Judge BLATCHFORD made an order in conformity therewith. Thereafter, and in 1882, such refund was made in case of plaintiffs' importations by the Newport and the Giles Loring; *but refused in case of their importations by the Niagara and Veneraia, on the ground that as to them suit had, according to the provisions of section 2931, Rev. St., been prematurely brought.* Thereafter, and on June 11, 1883, upon plaintiffs' motion, Judge WALLACE ordered that the stipulation in this case bearing date March 29, 1882, "be annulled, vacated, and set aside, so far as the last two items in said bill of particulars are concerned; and that, as to said two items in said bill, said cause be reinstated upon the docket of said court, and to have the same legal *status,* and the same legal force and effect, as if said stipulation had not been signed and made part of the record in said cause."

Upon the trial on December 8, 1886, of this case, as to the plaintiffs' importations by the Niagara and Venerata, the foregoing facts appeared at the close of the plaintiffs' case; and thereupon the defendant's counsel moved the court to direct a verdict for the defendant, on the ground (1) that plaintiffs had not proven facts sufficient to constitute a cause of action to entitle them to recover; (2) that they had not complied with the requirements of section 2931, Rev. St. U. S., in that this action was prematurely brought. This motion the court denied, and thereafter directed a verdict for the plaintiffs. The defendant subsequently moved for a new trial.

*Stephen A. Walker*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for the motion.

At common law an importer had a right of action to recover illegal duties paid by him. *Elliott* v. *Swartwout*, 10 Pet. 137; *Bend* v. *Hoyt*, 13 Pet. 263, 267. The importer's common-law right of action was taken away by the act of March 3, 1839, (5 U. S. St. at Large, 348, § 2.) *Cary* v. *Curtis*, 3 How. 236. A right of action to recover illegal duties paid by an importer was restored to him by the act of February 26, 1845, (5 U. S. St. at Large, 727.) *Barney* v. *Watson*, 92 U. S. 449–452; *Arnson* v. *Murphy*, 109 U. S. 238–241; S. C. 3 Sup. Ct. Rep. 184. The right of action restored by the act of 1845 was taken away by the act of June 30, 1864, (13 U. S. St. at Large, 214,) now section 2931, Rev. St. U. S.; and a statutory action given in place thereof by the latter act.

Under section 2931, Rev. St., 90 days not having elapsed since the plaintiffs' appeal as to their importation by the Niagara, and the secretary having made no decision on such appeal, and no protest or appeal or decision having been made as to their importation by the Venerata, no cause of action as to these importations had arisen to the plaintiffs at the date of the commencement of the case at bar. At that time suit as to them was prohibited, and the secretary having made his decisions on their appeals as to them within 90 days after such appeal, and no suit having been brought within 90 days after such decisions as prescribed by that section, suit is now barred, and the collector's ascertainment and liquidation of duties on these importations is final and conclusive against all persons interested therein. *Arnson* v. *Murphy*, *supra;* and S. C. 115 U. S. 579, and 6 Sup. Ct. Rep. 185.

The prescription of a time *before* which suit shall not be brought, and of a time *within* which suit must be brought, is a condition on which alone the government consents to litigate the lawfulness of these duties. *Cheatham* v. *U. S.*, 92 U. S. 85–89; *Arnson* v. *Murphy*, 115 U S. 579, 585, 586; S. C. 6 Sup. Ct. Rep, 185; *Savings Inst.* v. *Blair*, 116 U. S. 200, 205, 206; S. C. 6 Sup. Ct. Rep. 353. Such prescription is not a hard condition; for the plaintiffs in any event had only to wait as to these importations 90 days after their appeals, when they could have brought suit with or without the secretary's decisions. Plaintiffs cannot escape the conditions of section 2931 by the aid of section 3011. The latter section, by its terms, is coupled with section 2931, and to the right of action given by section 3011 are attached the conditions precedent prescribed by section 2931. Each of the entries in suit is the foundation of a single and entire cause of action, and the right of action as to them several and distinct. *Bartels* v. *Schell*, 16 Fed. Rep. 341–343. In general, the rights of parties to a legal action must be determined as they were at the commencement of the action. *Wisner* v. *Ocumpaugh*, 71 N. Y. 113. Cases of torts, and some cases growing out of contracts or agreements, are exceptions. Sedg. Dam. (7th Ed.) 147, 193, 196, 202, 204, note *b; Lamb* v. *Walker*, 3 Q. B. Div. 389; *Curtis* v. *Rochester & S. R. Co.*, 18 N. Y. 534;

*Sheehan* v. *Edgar*, 58 N. Y. 631; *Plate* v. *New York Cent. R. Co.*, 37 N. Y. 472; *Fifth Nat. Bank* v. *New York E. Ry. Co.*, 28 Fed. Rep. 231; 1 Sedg. Dam. 196–202; *Howard* v. *Daly*, 61 N. Y. 362.

The case at bar falls within the general rule. It is true that section 542 of the New York Code permits an amended complaint, and in cases like *Fincke* v. *Rourke*, 20 Hun, 264; *Prouty* v. *Lake Shore & M. S. R. Co.*, 85 N. Y. 272; *Angell* v. *Lawton*, 14 Hun, 70; *Latham* v. *Richards*, 15 Hun, 129,—section 564 of this Code allows a supplemental complaint; but where the performance or happening of some act is necessary to give plaintiffs a cause of action, and such action is not performed, or does not happen at all, until after the action was commenced, plaintiffs cannot,—not by amended or supplemental complaint,—incorporate such act into the case. *McCullough* v. *Colby*, 4 Bosw. 603; S. C. 5. Bosw. 477; *Bostwick* v. *Menck*, 4 Daly, 68. A premature suit cannot be made the subject of recovery. *McCullough* v. *Colby*, 5 Bosw. 477; *Smith* v. *Aylesworth*, 40 Barb. 104; *Oothout* v. *Ballard*, 41 Barb. 33; *Muller* v. *Earl*, 37 N. Y. Super. Court, 388.

*Jerome F. Manning*, in opposition.

WHEELER, J. The plaintiffs made four importations of sugar at the port of New York, while the defendant was collector there in 1881, on which he exacted duties which they paid, but against which they duly protested and appealed. Two of the appeals were decided against them May 27th; the last payment was made June 2d; the summons in this action was served June 30th; one of the remaining appeals was decided against them July 18th, and the other July 23d; the complaint in this action, with a bill of particulars in due form covering all the importations, was served August 19th, and issue was joined upon the answer to this complaint, without objection to the time or manner of the commencement of the action.

By the decision in *Merritt* v. *Welsh*, 104 U. S. 694, the exaction of these duties was shown to be illegal, and those as to which decision was made May 27th were refunded; and the case has been tried as to those concerning which decisions were made July 18th and 23d. On the trial no question was made but that the exaction of the duties was illegal, nor about any of the proceedings in any respect, except that a direction of a verdict for the defendant was requested on the ground that this suit was not commenced at a proper time. The court ruled against the defendant on this point, and, as there was no other question about the right of the plaintiffs to recover, directed a verdict for them. The defendant has moved for a new trial on account of alleged error in this ruling, and this motion has now been heard. The only question now is whether the plaintiffs are defeated of their right to recover by bringing their action too soon.

There are three sections of the Revised Statutes which appear to have some bearing upon this question,—sections 2931, 3011, and 3012. Section 2931 provides that the decision of the collector as to the rate and amount of duties shall be final and conclusive, unless protest be made within 10 days, and appeal to the secretary of the treasury be taken within 30 days; and that the decision of the secretary shall be final unless suit be brought within 90 days after; and that no suit shall be

maintained for the recovery of the duties until the decision of the secretary, unless it is delayed more than 90 days. Section 3011 gives an action to any person who shall have made payment under protest and in order to obtain possession of merchandise imported for him to ascertain the validity of the demand, and to recover back any excess paid; but provides that no recovery shall be allowed in such action unless a protest and appeal shall have been taken as prescribed in section 2931. Section 3012 provides that no suit shall be maintained for the recovery of duties unless the plaintiff serves a bill of particulars within 30 days after notice of the appearance of the defendant.

The restriction of recovery to cases in which a protest and appeal have been taken, in section 3011, was passed in 1877, and is the latest of these enactments. 19 St. at Large, 247. The action given appears to be an action for the recovery of the money, in which the principal question triable is the validity of the demand of the money made by the collector, about which the other provisions of these statutes appear to be regulations governing the action and conditions upon which it is given, compliance with which must be shown to entitle the plaintiff to recover, but which need not be alleged by the plaintiff in his pleading as a foundation for, or a part of, his cause of action, to give him a right to show compliance with them, and the want of which need not be set up by the defendant in his pleading, to give him the right to disprove such compliance. This is the effect given to statutes conferring a right of action, but limiting the right to maintain the action unless certain notices should be given. *Kent* v. *Lincoln*, 32 Vt. 592; *Matthie* v. *Barton*, 40 Vt. 286. Therefore, in states where the common-law method of pleading prevails, the common counts in *indebitatus assumpsit* would seem to be a sufficient declaration, and the general issue a sufficient plea. *Elliott* v. *Swartwout*, 10 Pet. 137. The money is what is recovered with the interest from the time of its illegal exaction, ordinarily. *Erskine* v. *Van Arsdale*, 15 Wall. 75; *Redfield* v. *Ystalyfera Iron Co.*, 110 U. S. 174; S. C. 3 Sup. Ct. Rep. 570.

According to the provisions of section 3011, the plaintiff might bring an appropriate action for the recovery of the money, and, on showing that the defendant took his money for duties by illegal exaction, and protest and appeal as prescribed in section 2931, have a recovery. There is nothing there about a decision by the secretary, and there is nothing about protest and appeal before the commencement of the suit. It is the recovery in the action, not its commencement, which is restrained by the want of these. Section 2931 does not provide that suit shall not be brought until decision by the secretary, but that it shall not be maintained. The same expression is used in section 3012, whereby it is provided that no suit shall be maintained unless a bill of particulars is filed, which is not to be done until after suit brought. This shows that prohibition of maintenance does not there prohibit commencement of suit. The impression made by the reading of these three sections, and considering them together, is that it was intended by them to give an action for the recovery of money illegally exacted for duties, but to restrain main-

taining it to recovery of judgment, without protest, appeal, and adverse decision by the secretary. Of course, if there should be no protest and appeal in due time shown, the decision of the collector would be final and conclusive as to the legality of the exaction; and if these should be shown, and the suit should not be brought in time, the decision of the secretary would be likewise final and conclusive, and the plaintiff would have no ground for a recovery, whether the suit was otherwise well brought or not; but that does not show that a suit brought before decision would be premature. This suit was not delayed more than 90 days after the decision of the secretary, and, as there is no question about the rest of the plaintiffs' case, would seem to be well brought if the question is not foreclosed by the expressions of the supreme court in *Arnson* v. *Murphy*, 109 U. S. 238, 3 Sup. Ct. Rep. 184, and S. C. 115 U. S. 579, 6 Sup. Ct. Rep. 185. The question in that suit about the time of bringing it was whether it was brought soon enough, not whether it was brought too soon; and what is said about the bringing of a suit being prohibited until after decision by the secretary appears to have been said with reference to the language of section 2931 in general, without reference to the language of that section in connection with that of sections 3011 and 3012 in particular. These expressions are so direct, however, that they may have been intended to indicate that this subject was considered in all its bearings, and decided, although not involved in this aspect. But whether so or not, those expressions are not considered to be decisive of this case against the plaintiffs.

The time when the complaint and bill of particulars in this action were served was after the decisions of the secretary upon the appeals, and long before the expiration of 90 days after. The answer of the defendant was served September 3d, and more than 40 days before the expiration of 90 days after the first of these decisions. This complaint was the first pleading under the provisions of the Code of Procedure of the state in which the suit was brought. Code Civil Proc. N. Y. § 478. Until the complaint was filed there does not appear to have been anything on which any judgment could be rendered. Id. §§ 419, 420.

This suit was well brought as to the other entries, in any view. There could be no advantage or benefit to the defendant or the government in having two suits instead of one. The answer of the defendant was filed by the district attorney of the government, who then knew from the bill of particulars, or is to be presumed to have known, that this suit was brought to recover these duties as well as the others. The objection that these causes of action are improperly united with the others could apparently have then been taken by the answer. Id. § 488. Had it then been so taken, the plaintiff could have brought a new suit within the required time. When it was taken this could not be done. The service of this complaint would seem to be sufficiently the commencement of this action, for these causes of action, for all the purposes for which a delay until the decision of the secretary can be required. Certainly it does not appear to be just to allow this objection to be taken and prevail now, unless the rules of law strictly so require. It is a mere technicality, which does

not at all touch the merits of the plaintiffs' claim, which is confessedly just; for it is for the recovery of money which was confessedly illegally exacted. It is true that the action is given only upon condition that it be brought within 90 days after decision of the secretary. This action was not so brought as to include the items in question until after that decision, and it was so brought as to include them within the 90 days after. What was done about it before the decision did not subject the defendant or the government to any additional costs, charges, or expense. If the suit is overthrown on this ground, money illegally exacted of the plaintiffs will be left in the hands of the government; if it is sustained, the plaintiffs will only recover that. The rules of law do not appear to stand in the way of doing justice by sustaining this recovery. Motion denied.