McCLAIN, Collector, v. PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES.

(Circuit Court of Appeals, Third Circuit. April 29, 1901.)

No. 9.

1. INTERNAL REVENUE—RECOVERY OF TAXES PAID—INTEREST.

One from whom internal revenue taxes have been illegally exacted under threat of distraint on their recovery is entitled to interest from the date of payment.

2. SAME—INHERITANCE TAXES—CONSTRUCTION OF WAR REVENUE ACT.

Section 29 of the war revenue act of 1898, which imposes a tax upon "any legacies or distributive shares arising from personal property * * * passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, * * * to any person or persons, * * * in trust or otherwise," applies only to the estates of persons dying after the passage of the act. A trustee who, at the time of the passage of the act, held personal property upon a testamentary trust, to be distributed at a future date between the then surviving members of a class of legatees named by the testator, is not a "person possessed" of such property, within the meaning of the statute, so as to render it subject to the tax when it passes from him to the distributees.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 105 Fed. 367.

W. M. Stewart and James B. Holland, for plaintiff in error.

John G. Johnson, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. Isaiah V. Williamson died in March, 1889, and the surviving executor of his will filed an account in 1890, whereupon the orphans' court of Philadelphia county directed that the residuary estate be paid to the defendant in error, to be by it held in trust, and this was accordingly done. On April 11, 1899, the defendant in error filed its account in the same court, which then adjudged that 37 persons were entitled to take the entire balance of about $6,000,000, and payment thereof was made in pursuance of that adjudication. Thereafter the plaintiff in error, as collector of internal revenue for the Eastern district of Pennsylvania, levied a distress upon property belonging to the defendant in error, for taxes claimed to be due under the war revenue act of 1898, on the amount which it had paid over as has been stated. In consequence of this distress, and under protest, the sum demanded, to wit, $280,021.33, was paid, but $94,660.07 thereof was afterwards refunded, as having been erroneously claimed, and the present action was brought in the circuit court for the Eastern district of Pennsylvania to recover the amount retained by the collector, namely, $185,361.26, with interest. The statement of claim was demurred to, and judgment on the demurrer was entered for the plaintiff (defendant here) for $193,927.40. The correctness of this amount (assuming that any sum was recoverable) does not appear to be now questioned. The allowance of interest was clearly right. Erskine v. Van Arsdale, 15 Wall. 75, 21

L. Ed. 63; Redfield v. Bartels, 139 U. S. 694, 11 Sup. Ct. 683, 35 L. Ed. 310.

The provision of the act of June 13, 1898, by which it is claimed the tax in question was imposed, is as follows:

"Sec. 29. That any person or persons having in charge or trust, as adminis-trators, executors or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property as afore-said shall exceed the sum of $10,000 in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or inter-est therein, transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after death of the grantor or bar-gainer, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows, that is to say. * * *"

"Legacies or distributive shares  *  *  *  passing after the pas-sage of this act," and no others, were made subject to the tax, and hence the question now for consideration is, when did the legacies involved in this case pass? The argument which has been based upon the ground that by the fourteenth item of Williamson's will the ascertainment of the beneficiaries was made dependent upon future and dubious events is irrelevant. It is the passing, not the vesting, of the legacies which the act makes material, and that the passing from Williamson occurred at the time of his death is, of course, indubitable. But it is contended that the phrase "passing * * * from any person possessed of such property" should not, in this instance, be related to the testator, but to his testamentary trus-tee; that not Williamson, who died possessed, but the Pennsylvania Company, who took the legacies "in charge or trust," should be re-garded as the "person possessed," from whom the passing was to take place. We cannot sustain this contention. It puts a construc-tion upon the statute which is certainly too questionable to be ac-cepted as creative of a tax, and which, we think, the context shows to be a wholly inadmissible one. The passing, says the act, is to be "either by will or by the intestate laws," and surely the correct, as well as the common, understanding is that property passing either by will or by intestacy passes from and by virtue of the will or intes-tacy of the person who dies possessed, and not from or by the will or intestacy of any fiduciary who for a time may have it in charge. Personal estate "passing * * * by the intestate laws" always, of course, passes from the intestate himself, and never from the ad-ministrator, no matter how long the settlement of the estate may be postponed; and therefore, inasmuch as the manifest purpose of con-gress was to deal with testacy and intestacy alike, it cannot be sup-posed that the intended "passing * * * by will" could be a pass-ing from "executors or trustees." Moreover, the passing was de-fined as being not only from the person possessed, but also as being "to any person or persons, or any body or bodies politic or corpo-rate, in trust or otherwise." Therefore, when there was here a pass-ing to the trustee, the defined event occurred. There was then a pass-ing to a body corporate "in trust," and, as it is evident that but a

single occasion of passing was contemplated, any subsequent passing "otherwise" than in trust must necessarily be inconsequent.

Section 29 further provides that:

"Where the whole amount of said personal property shall exceed in value $10,000, and shall not exceed in value the sum of $25,000, the tax shall be: First.—Where the person or persons entitled to any beneficial interest in such property shall be the lineal issue or lineal ancestor, brother or sister, to the person who died possessed of such property as aforesaid, at the rate of seventy-five cents for each and every hundred dollars of the clear value of such interest in such property. Second.—Where the person or persons entitled to any beneficial interest in such property shall be the descendant of a brother or sister of the person who died possessed, as aforesaid, at the rate of one dollar and fifty cents for each and every hundred dollars of the clear value of such interest. Third.—Where the person or persons entitled to any beneficial interest in such property shall be the brother or sister of the father or mother, or a descendant of a brother or sister of the father or mother, of the person who died possessed as aforesaid, at the rate of three dollars for each and every hundred dollars of the clear value of such interest. Fourth.—Where the person or persons entitled to any beneficial interest in such property shall be the brother or sister of the grandfather or grandmother, or a descendant of the brother or sister of the grandfather or grandmother, of the person who died possessed as aforesaid, at the rate of four dollars for each and every hundred dollars of the clear value of such interest. Fifth.—Where the person or persons entitled to any beneficial interest in such property shall be in any other degree of collateral consanguinity than is herein before stated, or shall be a stranger in blood to the person who died possessed as aforesaid, or shall be a body politic or corporate, at the rate of five dollars for each and every hundred dollars of the clear value of such interest: provided, that all legacies or property passing by will, or by the laws of any state or territory, to husband or wife of the person died possessed as aforesaid, shall be exempt from tax or duty."

These clauses cannot be read without perceiving that by the person described in each of them as "the person who died possessed as aforesaid" there was meant the same person as, in the immediately preceding paragraph of the same section, was referred to as "any person possessed of such property." Consequently, we have the person from whom the passing was to proceed plainly identified as the person dying possessed, and it is inconceivable that an administrator, executor, or trustee would have been so designated. Furthermore, section 30 provides "that the tax or duty aforesaid shall be a lien or charge upon the property of every person who may die as aforesaid," and surely the purpose was to impress the lien upon the property taxed, and not upon that of any fiduciary who, having it in charge, might happen to die during the continuance of the trust. If we were not fully convinced of the correctness of the views we have expressed, all doubt upon the subject would be removed by consideration of the fact that the war revenue act of 1864, the tax-imposing language of which was, so far as material, precisely the same as that of the present act, had been officially administered in accordance with our understanding of the effect of that language, and this established construction of it must be presumed to have been known to congress when it again used the same language in the act of 1898. The judgment of the circuit court is affirmed.