KLOCK PRODUCE CO. v. HARTSON, Internal Revenue Collector.

(District Court, W. D. Washington, S. D.    April 2, 1914.)

No. 1848.

INTERNAL REVENUE (§ 38*)—PAYMENT UNDER PROTEST—ACTION—INTEREST.

An action against a collector of internal revenue to recover taxes and penalties paid under protest is not an action against the United States until after final judgment and a certificate from the trial court that there was probable cause for the collection of the tax, when it becomes a claim against the United States, prior to which time plaintiff is entitled to recover interest, unless a review of the judgment by an appellate court is obtained, in which event the judgment on the mandate of the appellate court will be treated as a final judgment, to the rendition of which interest will be allowed, unless plaintiff unduly delays the presentation of his claim.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84; Dec. Dig. § 38.*]

At Law. Action by the Klock Produce Company against Millard T. Hartson, as Collector of Internal Revenue for the District of Washington. On motion for a new trial. Denied.

Frank S. Griffith, of Seattle, Wash., for plaintiff.

Clay Allen, U. S. Atty., of Seattle, Wash., and George P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., for defendant.

CUSHMAN, District Judge. Verdict was recovered by plaintiff against the defendant, who, as collector of internal revenue, under threats of distraint and over plaintiff's protest, wrongfully compelled the payment of certain taxes and penalties for the manufacture and sale of butter, claimed by the defendant to be adulterated. Appeal was taken by the plaintiff to the Commissioner of Internal Revenue, and, upon the failure of that officer to direct the refunding of the money so exacted, this suit was brought.

Interest is included in the verdict. The defendant now moves for a new trial; the main contention being that interest should not be allowed.

Plaintiff relies on the case of Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63, in resisting the motion for a new trial.

Defendant cites Commissioners of the Sinking Fund of Louisville v. Buckner (C. C.) 48 Fed. 533; U. S. ex rel. Angarica v. Bayard, 127 U. S. 251, 260, 8 Sup. Ct. 1156, 32 L. Ed. 159.

The latter case, cited by defendant, gives no support to his contention. In that suit the Secretary of State, pursuant to agreement between the United States and Spain for the settlement of certain claims, made by citizens of the United States, received a sum of money. One of the claimants sued to compel the payment of interest derived from

the investment of the sum eventually paid the petitioner. In such case the suit was virtually against the United States. There was no claim of wrongful exaction under duress.

Neither does the case of the Commissioners of the Sinking Fund of Louisville v. Buckner (C. C.) 48 Fed. 533, support the motion. For, while that was a suit for the recovery from the collector of internal revenue of a tax wrongfully collected, yet the tax was paid without protest, demand for repayment, or appeal to the Commissioner of Internal Revenue for its refunding. The suit was brought under the authority of a special act of Congress for the relief of plaintiff. In the course of the opinion, it is stated:

"This claim must be considered as one against the United States, because, if it be regarded as one against the collector individually, it cannot be sustained at all. * * *

"We, however, think that, if the United States is liable for interest at all, it can only be from the time of a protest, if one is made, or from the refusal to refund, after the appeal to the commissioner under section 3220 [U. S. Comp. St. 1901, p. 2086]."

The case now before the court is rather controlled by the following authorities: Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63; Cochran v. Schell, 107 U. S. 625, 626, 628, 2 Sup. Ct. 827, 27 L. Ed. 543; Redfield v. Ystalyfera Iron Co., 110 U. S. 174, 176, 3 Sup. Ct. 570, 28 L. Ed. 109; Redfield v. Bartels, 139 U. S. 694, 701, 11 Sup. Ct. 683, 35 L. Ed. 310; Penn. Co. for Ins. on Lives, etc., v. McClain (C. C.) 105 Fed. 371, affirmed 108 Fed. 618, 47 C. C. A. 529; Shanley v. Herold (C. C.) 141 Fed. 423, 430, affirmed 146 Fed. 20, 24, 76 C. C. A. 478; White v. Arthur (C. C.) 10 Fed. 80, 90. These cases hold that a suit, such as the present one, is, in effect, one not against the United States; that it will not be considered as such until after final judgment and a certificate from the trial court that there was probable cause for the collection of the tax; that, upon such certificate being given, it becomes a claim against the United States, stopping the right to further interest, unless a review of the judgment by an appellate court is obtained, in which event the judgment upon the mandate of the appellate court will be treated as a final judgment, to the rendition of which interest will be allowed, unless the plaintiff unduly delays the presentation of his claim.

The motion for a new trial is denied.