HUDSON v. CHARLESTON, C. & C. R. CO.

(Circuit Court, W. D. North Carolina. March 7, 1893.)

1. BILL OF EXCEPTIONS—INCORPORATION OF TESTIMONY—WHEN ALLOWED.
   In an action at law, in which a verdict has been rendered for plaintiff on evidence introduced by both parties, defendant cannot have the oral testimony incorporated in a bill of exceptions, when it was not reduced to writing at the time, under the direction of the court, and when there was no agreement about it by the parties.

2. SAME—REVIEW—WITNESSES.
   A ruling by the court that plaintiff, by calling to the stand a witness who had been summoned, sworn, and tendered by defendant to plaintiff at the close of defendant's evidence, did not thereby make the witness his own witness, so as to preclude him from exercising the liberal privileges of cross-examination, or from impeaching the credibility of such witness, is subject to review; and defendant is entitled to have his exceptions thereto, duly noted at the time, incorporated in the bill of exceptions.

3. SAME—REQUESTED INSTRUCTIONS—WAIVER.
   A party desiring to avail himself of alleged error in the refusal of a federal court to give a special charge, by having the same incorporated in a bill of exceptions, must distinctly call the attention of the court to the matter, and ask the charge; and if, after having given the general charge, the court asks counsel if they have any other instructions to be given, and counsel do not specifically call attention to the omission of certain special charges previously handed to the court, such special charges are waived, and cannot be incorporated in a bill of exceptions.

4. APPEAL—REVIEW—OBJECTIONS WAIVED.
   Alleged error in the refusal of the court to give a peremptory instruction for defendant at the close of plaintiff's evidence is waived, if defendant thereafter offers evidence, and goes to the jury on the issues.

At Law. Action by H. T. Hudson against the Charleston, Cincinnati & Chicago Railroad Company to recover damages for personal injuries. The plaintiff obtained a verdict and judgment, and the defendant tendered a bill of exceptions to be signed. Opinion by the judge, giving reasons for refusing to sign the same.

P. D. Walker and G. F. Bason, for defendant.

DICK, District Judge. After carefully reading and considering the bill of exceptions tendered by P. D. Walker and G. F. Bason, counsel of defendant, I decline to sign the same. I deem it proper, and respectful to counsel, to reduce to writing my recollections of the occurrences of the trial and the rulings of the court.

In the course of the trial, when the plaintiff closed his case, at the request of the counsel of defendant, concurred in by counsel of plaintiff, the jury were directed to retire from the court room. After the retirement of the jury the counsel moved the court to instruct the jury, when they returned, "that there was no sufficient evidence to warrant a verdict for the plaintiff, and a verdict should be returned in favor of defendant." This motion was fully argued by counsel on both sides. The court said "that there was some evidence to sustain the claim of the plaintiff, and the jury must pass upon the weight and sufficiency of the evidence, and determine the question whether the plaintiff was entitled to a verdict, and, if he was so entitled, then they must assess the amount of damages sustained by him." This ruling was excepted to, and the court directed counsel to note their exception, and the same would be allowed in a bill of exceptions, or would be considered on a motion for a new trial.

At that time the court was clearly of opinion, which was not expressed, that the evidence of plaintiff so far tended to show gross negligence on the part of the conductor of the defendant's train of cars that caused the injury to the plaintiff, and also so far tended to show that the engine was seriously defective,—and such defects were, and for some time had been, known to the officers and agents of defendant,—as to warrant a verdict for the plaintiff upon the issues in which these questions were involved. No request was made to reduce the testimony of plaintiff to writing, so that the same might be put in a bill of exceptions, and there was no agreement of parties as to the ultimate facts to be deduced from the parol testimony. The jury then returned to the box, and the trial proceeded, and evidence was introduced on the part of the defendant which tended to contradict and to modify the evidence of plaintiff.

When the evidence on the part of the defendant was closed, several witnesses who had been summoned by defendant were called, sworn, and tendered by defendant to the plaintiff. The plaintiff called one of said witnesses upon the stand. The counsel of defendant insisted that by so doing the witness became the witness of the plaintiff, and, as such, the plaintiff ought not to be allowed in any way to discredit such witness, or have the liberal privileges usual in cross-examination. After hearing argument the court was of opinion that the witness should be regarded as the witness of defendant, as when the witness was thus summoned, sworn, and tendered, the defendant was entitled to have the fees of said witness taxed, as its witness, against the plaintiff, in costs, if judgment should be in favor of defendant, and the plaintiff, by

accepting the witness brought into court, sworn, and tendered by defendant, did not impliedly vouch as to good character and credibility. The court, being of opinion that questions as to the cross-examination of witnesses, as to all matters pertinent to the issues on trial, were largely within its legal discretion, and as the witness (employe) of the adverse party might well be presumed to be unfavorable to the party examining him, allowed the counsel of plaintiff the usual privileges of cross-examination. To this ruling the counsel excepted, and were directed by the court to note the exception.

The plaintiff examined a witness, named Wright, who had been summoned, sworn, and tendered by the defendant, and was fireman in charge of the engine at the time the injury to plaintiff occurred. Soon after such examination was concluded, the plaintiff called another witness to show, and did show, declarations made by said Wright that tended to contradict the testimony given by Wright when on examination by plaintiff; the court, still being of opinion that Wright was the witness of defendant, conceding error in the ruling, if the witness was, in law, the witness of the plaintiff. To the ruling of the court, admitting such contradictory testimony, the counsel excepted, and were directed by the court to note such exception.

The bill of exceptions tendered in this case correctly sets forth the facts,—that at the close of the evidence the counsel of defendant submitted, in writing, certain instructions, and prayed that they be given to the jury. These instructions are 29 in number, and accompany the bill of exceptions tendered. In my charge to the jury, I reduced to writing, and read to the jury, my views as to the questions of law and fact which I regarded as applicable to the issues on trial, and arising out of the testimony, stating at the time that I wished my views upon these questions to be expressed with certainty and accuracy. At the close of the charge I asked the counsel on both sides if they desired any other instructions, or any modification of instructions given. The counsel of plaintiff asked an instruction upon one question which I had failed to refer to in the charge. My answer was reduced to writing, and read to the jury. The counsel of defendant replied that they had submitted in writing, and urged in the argument, all the instructions that they desired to be given. None of these instructions were specifically called to the attention of the court, otherwise than as above stated, and I said nothing further on the subject. I did not expressly refuse to give such instructions, but I failed to respond seriatim to the numerous instructions, as I believed that my charge to the jury included all questions of law and fact involved in the issues submitted to the jury. I had in a previous part of the trial, as above stated, refused the motion of counsel of defendant, "that there was no sufficient evidence to warrant a verdict for the plaintiff, and a verdict should be returned in favor of defendant." In my charge to the jury, I did not repeat my reply to the motion, as heretofore stated. If such instruction had been specifically called to my attention by the counsel at the close of the charge, it would

have been promptly refused, as before; but I cannot perceive what wrong was done to defendant by my failure to give an instruction which was adverse to its views of the evidence. When the jury rendered what I regarded as a compromise verdict, assessing excessive damages, I at once remarked to counsel of plaintiff that, unless they would agree that the verdict might be reduced to reasonable damages, I would set aside the verdict and grant a new trial. The counsel accepted the proposition of the court, and the jury returned a verdict in accordance therewith.

I will now present some of my objections to the bill of exceptions tendered, and my reasons for declining to sign the same.

This bill of exceptions purports to set forth the parol evidence in the case, which is not usually allowable in appellate proceedings by writ of error; for, as to any error in relation to facts, a writ of error is not the proper remedy. An appellate court cannot properly be called to pass upon the credibility or sufficiency of parol evidence, when there is conflict, in an action at law. Parties to an action at law have a constitutional right to have issues of fact determined by a jury. Questions as to the credibility or sufficiency of parol evidence cannot be presented in an appellate court as they were presented to a jury in a trial court. These questions are not entirely dependent upon what a witness says, but his appearance and conduct upon the stand, his relations and connections with the parties, and other attendant circumstances, often properly and strongly influence a jury in determining the weight of his testimony. Under the act of March 3, 1865, parties to an action at law may, by consent in writing, waive a jury, and have issues of fact tried and found by a judge, and his general or special findings of fact have the force and effect of a verdict. Issues of fact, dependent on parol evidence, must be ascertained and made certain in the court of original jurisdiction before the judgment can be reviewed by a court of error. There is great difference, in an appellate court, between evidence of facts, and positive facts themselves, as agreed upon by the parties, or found by some method provided by law. When facts are legally found, or are agreed upon by the parties, an appellate court may in some cases determine the question of law, whether such ascertained facts are sufficient to warrant a judgment. When matters of fact, in an action at law, are dependent upon the credibility or sufficiency of parol evidence, they are only cognizable by a jury, unless the parties waive such constitutional right. Questions respecting the admission or exclusion of evidence on the ground of competency are entirely different from those which respect its credibility or sufficiency. The admission or exclusion of evidence is matter of law, and a statement of so much of the testimony as may be necessary to show the correctness or error of the rulings of the inferior court are properly allowable in a bill of exceptions. But bills of exceptions which recite the entire evidence in the trial court, with a view to have its credibility or sufficiency passed upon by an appellate court, are strongly condemned by the United States supreme court; and such court regards it as a duty of a judge of an inferior court to with-

hold his approval. Lincoln v. Claflin, 7 Wall. 132; Generes v. Campbell, 11 Wall. 193. In the case of Herbert v. Butler, 97 U. S. 319, the bill of exceptions setting forth the evidence was entertained, as it was "a case and exceptions" concurred in by both parties; and the evidence thus agreed upon was considered as to its sufficiency to warrant the finding of facts, and the action of the judge in not submitting the case to the jury. In my opinion the ruling of the supreme court would have been different if the judge had submitted the case to the jury, and they had found a verdict for plaintiff, and the defendant had moved to set aside the verdict upon the ground that the evidence was not sufficient to warrant the verdict. The bill of exceptions before me recites only a condensed abstract of the parol evidence, not made on the trial under the direction of the court, and its correctness is not conceded by the counsel of plaintiff. I kept no full and accurate notes of the testimony, and if I were now to sign such abstract, and order the same to be sent up to the appellate court, my action would not be approved, and such recital of evidence would be treated as a nullity. Generes v. Bonnemer, 7 Wall. 564.

The nature of bills of exceptions, and the extent and character of the evidence that may be put in the record, and as to how far an appellate court will entertain and pass upon evidence or facts legally found, are clearly pointed out in many decisions of the supreme court. Graham v. Bayne, 18 How. 60; Guild v. Frontin, 18 How. 135; Suydam v. Williamson, 20 How. 427; Campbell v. Boyrean, 21 How. 223; Norris v. Jackson, 9 Wall. 125; Flanders v. Tweed, 9 Wall. 425; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. Rep. 321. In a recent case (Railway Co. v. Winter, 143 U. S. 60–75, 12 Sup. Ct. Rep. 356) the court says in affirmance of a previous decision:

"It may be that if we were to usurp the functions of the jury, and determine the weight to be given to the evidence, we might arrive at a different conclusion. But that is not our province, on a writ of error. In such a, case we are confined to the consideration of exceptions taken at the trial, to the admission or rejection of evidence, and to the charge of the court, and its refusal to charge. We have no concern with questions of fact, or to the weight to be given to evidence which was properly admitted."

I readily concede the principle of law insisted upon by counsel of defendant, as it is well established in the courts of this state, of the United States, and in England,—that in the trial of civil cases at law there is a preliminary question of law for the judge, "not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Bowditch v. Boston, 101 U. S. 16. A party has a right to call on a judge for an instruction to the jury which will show his opinion on such preliminary question of law, and if the instruction is refused he may note an exception, and have the matter reviewed in a court of error. In such case the question of law involved is dependent upon the evidence, and the entire evidence must be set out in the bill of exceptions that goes up with the record to the appellate court. If

the evidence is documentary, or the parties agree upon a statement, the appellate court will have no difficulty in reviewing the judgment of the court below. In this state there is no difficulty in presenting the evidence to the supreme court. Under the provision of the Code of North Carolina (section 550) an appeal on the trial and determination of the cause in the inferior court carries the whole case to the supreme court for review, and such court has plenary jurisdiction to reverse, affirm, or modify the judgment. The appellant makes out a concise statement of the case, and the instructions of the judge. It is handed to the appellee, and if he does not concur in the same the judge appoints a day, and notifies the parties of his readiness to hear them, and then he settles the case, and sends the same to the supreme court. The provisions of the Code must be strictly complied with in these proceedings, and the case thus sent up is regarded by the supreme court, as nearly as can be, in the light of a bill of exceptions for specified errors of law or fact, and no exceptions are considered unless they were made in the court below, and so appear of record.

In regard to motions for a new trial and bill of exceptions, the courts of the United States are independent of any statute or practice prevailing in the courts of the state in which the trial is had. There is a clear distinction, always observed, between a writ of error and an appeal, as methods of review in an appellate court. A writ of error is of common-law origin, and strictly removes nothing but questions of law apparent on the record. Where questions of law are dependent upon the ultimate facts of the case, they must be found and made certain in some legal way in the court below, from the evidence, and be entered on the record, as an appellate court has no concern about unascertained matters of fact, or the credibility or sufficiency of evidence properly admitted. When questions of law are peculiarly dependent upon the nature of the evidence, as in cases where evidence is admitted or rejected on the ground of relevancy or competency, or when the court is asked for instructions as to the sufficiency of evidence to warrant a verdict, the evidence must be included in the record under the sanction of the court; for the appellate court has no other means of determining the question of law presented, as to the correctness of the ruling in the court below. If the first instruction asked in this case by the defendant at the close of the evidence of the plaintiff, as to the sufficiency of such evidence to warrant a verdict for plaintiff, had been peremptory, and the defendant had closed its case, there would have been no difficulty in putting the evidence of the plaintiff in the record; and the question of law arising from the refusal of the court to give such instruction would have been fully and fairly presented in a bill of exceptions. The witnesses of the plaintiff were unimpeached and uncontradicted, and what they testified might have been regarded as conclusive on the points of failure or sufficiency of proof to warrant a verdict. The refusal of the court to give this instruction cannot now be assigned as error, because the defendant had not rested its case, but afterwards went on, and introduced evidence in its own behalf. Insurance Co. v. Crandal,

120 U. S. 527, 7 Sup. Ct. Rep. 685; Robertson v. Perkins, 129 U. S. 233, 9 Sup. Ct. Rep. 279.

The motion for instructions when the plaintiff had closed his evidence embraced all the issues before the jury, including the one relating to the defective engine. The repetition of the instruction as to the alleged defective engine after the evidence of defendant had been introduced, showing much conflict with that of plaintiff, was, in effect, asking the court to pass upon the weight and preponderance of parol evidence, which is a matter properly cognizable only by a jury in an action at law. The failure or refusal of the court to give such instruction was, by implication, at least, an answer to the motion, as it tended to show that the court was of opinion that there was sufficient parol evidence to be submitted to the jury upon the issues of fact before them. Such implication is especially strong in a case in a federal court, where a judge has such clearly-defined power and duty in directing a jury as to the verdict which should be rendered on the evidence. In the case of Pleasants v. Fant, 22 Wall. 116--120, the court clearly intimates that the action of a judge in submitting a case to the jury would not be regarded as error, when the testimony was doubtful and conflicting, and the jury, by their verdict, had passed upon and determined the sufficiency of the evidence. The defendant did not rest its case solely upon the question of law arising upon the refusal of the court to give the instruction as to the insufficiency of the evidence to warrant a verdict for the plaintiff, but, in its long series of instructions, prayed the court for instructions upon other points upon which it relied for defense, and thereby seemingly waived the question of law as to its right to a verdict upon the primary instruction requested. Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. Rep. 671; Alexandria v. Stabler, 50 Fed. Rep. 689. I am strongly inclined to the opinion that when a defendant, at the close of the evidence of the plaintiff, or at the close of the evidence on both sides of the case, asks the court to instruct the jury that there is not sufficient evidence to warrant a verdict for the plaintiff, his request should be single and peremptory, and he should rely confidently and solely upon this preliminary question of law as affording him entire defense; and, if the court should refuse to give such instruction, he should seek his remedy for the denial of such legal right in a court of error, where the entire evidence would appear of record, or could be brought up by writ of certiorari. If a defendant takes his chances before a jury upon evidence which he has introduced in defense, it may be that an appellate court would not long or favorably consider a bill of exceptions which included the entire evidence on both sides, —that required the court to weigh conflicting testimony, and determine the preponderance, before it could ascertain the matters of fact to which legal principles were to be applied.

The instructions of defendant consisted of a series, 29 in number, and the court failed to respond to all, seriatim; but the attention of the court was not, at the close of the charge, called to any one or more of such series, although the counsel of defendant were invited by the court to do so, if desired. I feel sure that under such circum-

stances the failure of the court in this respect would not be regarded in an appellate court as error, even if some of such instructions ought to have been given. Anthony v. Railroad Co., 132 U. S. 172, 10 Sup. Ct. Rep. 53; Insurance Co. v. Smith, 124 U. S. 405-426, 8 Sup. Ct. Rep. 534; Moulor v. Insurance Co., 111 U. S. 335, 4 Sup. Ct. Rep. 466. I candidly concede that the instructions were presented in apt time, in due form, and with very intelligible directness, and they were considered by the court during the argument with a view to the charge to be given to the jury; but I insist that, if I failed to respond to any one or more of the instructions which the counsel deemed as material and essential points in their case, they should have called my attention to the omission, and specially asked specific instructions. "It is too late, certainly after verdict, to raise the objection that the judge did not charge upon a particular aspect of the case." Boon v. Murphy, 108 N. C. 187, 12 S. E. Rep. 1032; Posey v. Patton, 109 N. C. 455, 14 S. E. Rep. 64.

After careful consideration of all the instructions requested, I am of opinion (1) that defendant is entitled to have included in a bill of exceptions its objections made during the progress of the trial, and duly noted, as to the rulings of the court in reference to the witnesses who were summoned, sworn, and tendered by defendant to plaintiff, and who, with leave of the court, were cross-examined by plaintiff, and were afterwards contradicted by other witnesses of the plaintiff; (2) that defendant is not entitled to have included in a bill of exceptions the parol evidence on the trial, as it was not reduced to writing at the time under the direction of the court, and there was no agreement of the parties about the matter; (3) that defendant is not entitled to have included in a bill of exceptions a general or special objection that the court failed to respond to any or all of its series of instructions, as at the close of the charge the attention of the court was not called to any omission as to any one or more of said series, and specific instructions requested.

I have, in open court, caused an order to be entered of record, allowing the defendant further time during the continuance of this term, which expires on the first Monday of April next, to prepare and tender such other bill of exceptions as will be approved by the court, as above indicated.