# FIRST NATIONAL BANK OF DEXTER, NEW YORK, *v.* FOX.

APPEAL AND ERROR; BILL OF EXCEPTIONS.

On an appeal by the plaintiff whose motion for the direction of a verdict in his favor, based upon specific grounds, had been denied by the trial court, a bill of exceptions which rehearsed at length the testimony of forty-three witnesses, where a brief narration of the testimony of four witnesses, together with a few lines preserving exceptions to rulings on the admission and exclusion of evidence, and certain correspondence, would have sufficed, was upon motion stricken from the record for nonobservance of the court rule requiring bills of exception to be so prepared as to contain only such statements of fact as are necessary to show the bearing of the rulings complained of upon the issues. (Citing *Capital Traction Co.* v. *Crump*, 35 App. D. C. 169.)

No. 2437.   Submitted November 7, 1912.   Decided January 6, 1913.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon verdict in an action upon a promissory note and on a motion to strike bill of exceptions from the record.         *Motion granted.*

The COURT in the opinion stated the facts as follows:

This is a suit upon one of a series of three promissory notes made by defendant Umbenhauer to the order of the defendant Edmund K. Fox, and indorsed by him to one Orren G. Staples, all bearing date August 17, 1908. The first of the notes for $4,000, payable four months after date, was indorsed by Staples to the appellant bank, hereafter referred to as plaintiff. The notes were given in consideration of a vessel known as the Yacht Idler, sold by Staples to defendants. The defense was interposed that the sale was induced by the fraudulent representations of Staples, and that plaintiff bank was not such an innocent holder in due course as to exclude the defense against it. The jury returned a verdict for defendants, and from the judgment thereon this appeal was taken.

*Mr. A. A. Birney, Mr. Henry F. Woodard* and *Mr. A. S. Worthington* for the appellant.

*Mr. J. J. Darlington* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Counsel for defendants has filed a motion to strike out the bill of exceptions and dismiss the appeal, on the ground that the bill of exceptions, as incorporated in the record, is in violation of sec. 4, rule 5, of this court, which provides: "Bills of exceptions shall be so prepared as only to present to the appellate court the ruling or rulings of the court below upon some matter of law, and shall contain only such statement of

facts as may be necessary to explain the bearing of the rulings upon the issues or questions involved; and if the facts are undisputed, they shall be stated as facts, and not the evidence from which the facts are or may be deduced; and if disputed, it shall be sufficient to state that evidence was adduced tending to prove them, instead of setting out the evidence in detail; but if a defect of proof be the ground of the ruling or exception, then the particulars in which the proof is supposed to be defective shall be briefly stated, and the substance of all the evidence offered in any wise connected with and having relation to the proposition or propositions in respect to which the proof is supposed to be defective shall be set out in the bill of exception in a narrative form, as far as practicable; and where the exception is taken to the charge of the court, the exception shall specify particularly the matter or proposition of law to which the exception is intended to apply. All the exceptions taken during a trial shall be included in a single bill of exceptions, if that be practicable."

The motion is resisted chiefly upon the ground that a motion was made by counsel for plaintiff to direct a verdict in its favor, which was denied by the court. It is urged that the error assigned on this ruling calls for a review of all the evidence in the case. The bases for the motion for a directed verdict was (1) that defendants had full opportunity to inspect the boat before the sale, and assuming that the representations were made by Staples, as testified to by defendants, they were only such representations as come within the rule of *caveat emptor,* and were not such representations as the defendants had any right to rely upon for the purpose of avoiding the contract; and (2) that there was no evidence charging plaintiff bank with knowledge of the transactions between Staples and defendants prior to its purchase of the note in suit, or tending to prove that plaintiff is not an innocent holder of the note for value, suing bona fide for its own benefit.

As to the first ground for a directed verdict, the truth of the testimony of Fox and Umbenhauer is assumed; hence, a brief narrative of their testimony upon the single issue of fact

would have been sufficient to invoke the application of the legal principle relied upon. Under the limited scope of the motion, the testimony relating to the defective condition of the vessel, which forms a large part of the bill of exceptions, becomes immaterial for any purpose connected with this appeal. Its competency depends wholly upon whether the alleged misrepresentations of Staples were admissible against plaintiff bank, which fact is made, by the restricted language of the motion itself, to depend upon the testimony of Fox and Umbenhauer. Except in a few instances, where objection was interposed to a particular question and answer, and the exception could have been preserved in a few lines, this whole mass of evidence relating to the condition of the vessel, covering over one hundred printed pages, and presenting a plain issue of fact for the jury, serves no useful purpose whatever. It only piles up needless expense, and adds greatly to the labors of the court and opposing counsel. The second ground for a directed verdict rests entirely upon the testimony of two witnesses, Northup and Phelps, officials of plaintiff bank. Their testimony, as set out in the record, with the correspondence between Staples and the bank relative to the bringing of this suit, consumes less than seven pages of the record, and the portions necessary to present fully the ground relied upon for a directed verdict could have been embraced in much less space.

The bill of exceptions is made up without any regard to the rule. It is little else than a transcript of the evidence, and covers 233 printed pages, 219 of which are devoted to the testimony of the forty-three witnesses examined at the trial. It may be stated safely that all the evidence essential for the consideration of the assignments of error could have been embraced within thirty printed pages. The object of the rule is to avoid the imposition of needless labor upon the court and opposing counsel, as well as the curtailment of expense to litigants. Counsel seems to have forgotten that in actions at law appellate Federal courts do not pass upon the credibility of witnesses or the sufficiency of testimony upon contested issues of fact. These matters belong to the jury. The function of a bill of exceptions

is well defined in *Lincoln* v. *Claflin,* 7 Wall. 132, 19 L. ed. 106, as follows: "A bill of exceptions should only present the rulings of the court upon some matter of law,—as upon the admission or exclusion of evidence,—and should contain only so much of the testimony, or such a statement of the proofs made or offered, as may be necessary to explain the bearing of the rulings upon the issues involved. If the facts upon which the rulings were made are admitted, the bill should state them briefly, as the result of the testimony; if the facts are disputed, it will be sufficient if the bill allege that testimony was produced tending to prove them. If a defect in the proofs is the ground of the exception, such defect should be mentioned without a detail of the testimony. Indeed, it can seldom be necessary for the just determination of any question raised at the trial to set forth the entire evidence given; and the practice in some districts—quite common of late—of sending up to this court bills made up in this way—filled with superfluous and irrelevant matter—must be condemned. It only serves to throw increased labor upon us and unnecessary expense upon the parties."

We have served notice in many cases of the violation of the rule, and in the recent case of *Capital Traction Co.* v. *Crump,* 35 App. D. C. 169, the court said: "The recital of the evidence in the bill of exceptions consists in great part of questions to and answers by witnesses as recorded by the stenographer on the trial. This too common practice is in opposition to rule 5. We have heretofore called attention to this practice, and suggested that the court would exercise its power to disregard a bill of exceptions not in conformity with the rule. *District of Columbia* v. *Frazer,* 21 App. D. C. 154–160. No motion to strike out has been made, and the bill will be entertained. The rule will be hereafter more strictly observed." In that case no motion was made to strike out the bill of exceptions. It is a false notion of professional ethics that prompts an opposing lawyer to withhold such a motion out of regard for the feelings of counsel who have prepared a bill of exceptions in violation of a rule of court. It is the duty of counsel out of proper regard for his client's interests to avail himself of this defect, first, in the

court below before the bill is signed; and, if not there corrected,. again in the appellate court. Indeed, it is not only within the power of the trial judge, but it is his duty, to refuse to approve a bill of exceptions which is needlessly burdened with the evidence adduced in the trial court. In *Hudson* v. *Charleston, C.. & C. Co.* 55 Fed. 252, the trial judge said: "Bills of exceptions. which recite the entire evidence in the trial court, with a view to have its credibility or sufficiency passed upon by an appellate court, are strongly condemned by the United States Supreme Court; and such court regards it as a duty of a judge of an inferior court to withhold his approval. *Lincoln* v. *Claflin,* 7 Wall. 132, 19 L. ed. 106; *Generes* v. *Campbell,* 11 Wall. 193,. 20 L. ed. 110."

*The motion to strike the bill of exceptions from the record is: sustained.*

On January 8, 1913, appellee moved to affirm judgment.

January 13, 1913, appellant moved to postpone action on motion to affirm.

January 23, 1913, the Supreme Court of the United States. issued rule to the court of appeals to show cause why the writ. of mandamus or certiorari should not issue.

Rule returnable February 14, 1913.