Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The bill of exceptions in this case is made up without1 any regard to the rules in accordance with which such bills should be framed. It is little else than a transcript of the evidence, oral and documentary, given at the trial, and covers ninety-six printed pages of the record, when the exceptions could have been presented with greater clearness and precision in any ñve of them. In its preparation counsel seem to have forgotten that this court does not pass, in actions at law, upon the credibility or sufficiency of testimony; that these are matters' which are left to the jury, and for any ersors in its action the remedy must be sought in the court below by a motion for a new trial. A bill of exceptions should only present the rulings of the court upon some matter óf law — as upon the admission of exclusion of evidence— and should contain only so much of the testimony, or such a statement of the proofs made or offered, as may be necessary to explain the bearing of the rulings upon the issues involved. If the facts upon which the rulings were made are admitted, the bill should state them briefly, as the result of the testimony; if the facts are disputed, it will be sufficient if the bill allege that testimony was produced tending to prove them. If a defect in the proofs is the ground of the1 exception, such defect should be mentioned without a detail oi‘ the testimony. Indeed, it can seldom be necessary for the just determination of any question raised at the trial to set forth the entire evidence given; and the' practice in some
 
 *137
 
 districts — quite common of -late — of sending up to this court bills made up in this way — filled with superfluous and irrelevant matter — must be condemned; It only serves to throw increased labor upon us, and unnecessary expense-upon párties. If counsel will not heed-the admonitions upon this subject, so'frequently expressed by us, the judges, of the courts below, to whom the bills are presented, should withhold their signatures until the bills are prepared in proper form, freed from all matter not essential to explain and point the exceptions.
 

 ■ The' action- in this case is.brought to recover damages against the defendants for fraudulently obtaining the property of the plaintiffs. It differs materially froto that of
 
 Adler
 
 v.
 
 Fenton,
 
 reported in 24th Howard, which is cited to show - that the declaration discloses' no cause of action. -In that case certain creditors, whose demand-was not due at the time, brought an action against their debtors and others for an' alleged conspiracy to 'dispose of the property of the'debtors, so as to hinder and defeat the creditors in the collection of their demand; and this court held that the action would'not lie. The decision proceeded upon the ground that creditors at large have no such'legal interest in the property of their debtors as to enable them to interfere with any disposition ' of it before the maturity of their demands. The creditors ' in that case possessed no lien upon or interest in the property of their debtors to impair or clog in any respect the right of the latter to make any use or disposition of it they saw proper. The exercise of that right, whatever the motive, violated no existing right of the,creditors, and consequently 'furnished them no ground of action.
 

 The case at bar is not brought upon the allegation that the defendants have fraudulently disposed 'of their own' property, but that they have fraudulently obtained possession of the property of the plaintiffs. It proceeds upon the theory that the title to the goods never passed to the defendants, but remained in the plaintiffs, from whom they were obtained by false and fraudulent representations. ,
 

 That such representations were made by the defendant,
 
 *138
 
 Mileham, and that by means of them the goods were obtained, was not seriously disputed at the trial. The principal' controversy turned upon the connection of the defendant, Lincoln, with the fraudulent acts of Mileham. The declaration alleges that the fraud was a matter of prearrangement between them, and their counsel insisted that proof of such prearrangément was essential to a recovery against Lincoln, but the court held that it was sufficient to show that he subsequently, with knowledge of the fraud, became a party to it; that subsequent participation in the fraud and its fruits was as effective to charge him, as preconcert and combination for its execution/ In thus holding we perceive no error. The character of the transaction was not changed, whether Lincoln was an original party in its inception, or became a party subsequently; nor was the damage resulting to the plaintiffs affected by the precise day at which he became a ■co-conspirator with Mileham. If, knowing the fraud contrived, he aided in its execution, and shared its. proceeds, he was chargeable with all its consequences, and coukl be treated and pursued as an original party. Eveiy act of each pi furtherance of the common design was in contemplation of law ■ the act of both.
 

 On the trial declarations- of the defendants were received, which related not merely to the transaction which is subject of inquiry in this action, but to similar contemporaneous transactions with other parties. The evidence was not incompetent or irrelevant, as contended by counsel. Where fraud in the purchase or sale of property is in issue, evidence of other frauds of like character committed by the same parties, at or near the same time, is admissible. Its admissibility is placed on the ground that where transactions of a similar character, executed by the same parties, are closely connected in time, the inference is reasonable that they proceed from the same motive. The principle is asserted in
 
 Cary
 
 v. Hotailing,
 
 *
 
 and is sustained by numerous authorities. The case of fraud, as there stated, is among the few exceptions
 
 *139
 
 to the general rule that other offences of the accused are not relevant to establish the main charge.
 
 *
 

 The declarations of each defendant, relating to the transaction under consideration, were evidence against the other, though made in .the latter’s absence, if the two were engaged at the'time in the furtherance of a common design to defraud' the plaintiffs. The court placed their admissibility on that ground, and instructed the jury that if they were made after the consummation of the enterprise they should not be regarded.
 

 It is possible that the court erred in its charge upon the subject of damages in directing the jury to add interest to the value of the goods. Interest is not allowable as a matter of law, except in cases of contract, or the unlawful detention of money'. In cases of tort its allowance as damages rests in the discretion of the jury, But the error, if it be one, cannot be taken advantage of bjr the defendants, for they took no exception to the charge on that ground. The charge is inserted at length in the bill, contrary to .the proper practice-, as repeatedly stated- iii our decisions, and contrary to an express rule of this court. It embraces several distinct propositions, and a general exception ,in such case cannot avail the party if any one of them is correct.
 

 Judgment aeéirmed.
 

 *
 

 1 Hill, 317.
 

 *
 

 See also Hall
 
 v.
 
 Naylor, 18 New York, 588, and Castle
 
 v.
 
 Bullard, 23 Howard, 172.