# REDFIELD, Executrix, *v.* YSTALYFERA IRON COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted January 4th, 1884.—Decided January 21st, 1884.

*Damages—Error—Interest—Laches—Practice.*

1. A verdict was taken, subject to the opinion of the court, upon a case to be made, with liberty to either party to turn the case into a bill of exceptions. A case was made setting forth the entire evidence at the trial, but it was not made an agreed statement of facts, nor were exceptions taken, nor was any finding of facts made: *Held,* That there was no basis for the assignment of errors.

2. A plaintiff obtained a verdict against the United States in the court below, subject to the opinion of the court on a case to be made, and then rested nearly thirty years before entry of judgment: *Held,* That under these circumstances interest should run only from the entry of the judgment.

3. Interest is recoverable of right when it is reserved in the contract; but when it is given as damages, it is within the discretion of the court to allow or disallow it, and it will not be allowed if the plaintiff has been guilty of laches in unreasonably delaying the prosecution of his claim.

*Mr. Solicitor-General* for plaintiffs in error.

*Mr. A. W. Griswold* for defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This action was begun on December 30th, 1854, in the Supreme Court of New York by the defendant in error to recover from the collector of the port of New York money alleged to have been illegally exacted by him for customs dues and paid under protest. It was removed by *certiorari* to the Circuit Court of the United States for the Southern District of New York, in which, on December 15th, 1856, the testimony having been heard, it appears by the record that:

"By direction of the court and consent of counsel, the jury find a verdict for the plaintiff in the sum of fifteen hundred dollars, subject to the opinion of the court upon a case to be made, with liberty to either party to turn the same into a bill of exceptions, and subject to adjustment at the custom house as to the amount."

The next step in the cause taken in court was on June 9th, 1882, when, on motion of the plaintiffs' attorney, the plaintiffs in error, as personal representatives of the defendant, who had died, were made parties.

And then, on January 19th, 1883, it was ordered that the case, of which it appeared a copy had been served by the plaintiffs' attorney on the United States attorney in January, 1857, be considered as having been then agreed upon and settled between the parties, and that the same be filed in the office of the clerk as part of the record in the case.

On April 30th, 1883, the cause was heard upon that case made and served pursuant to the verdict of December 16th, 1856, and it was thereupon ordered that judgment be entered on the verdict for the sum of $715.70, with interest thereon from December 8th, 1854, and for costs ; and on August 22d, 1883, a formal judgment was entered against the plaintiffs in error for the said sum and interest as aforesaid, amounting to $2,128.16 damages, besides costs. To reverse that judgment this writ of error is prosecuted.

The case made, which by the terms of the verdict either party was at liberty to turn into a bill of exceptions, sets forth the entire evidence adduced at the trial, but is not an agreed statement of facts, nor a special verdict, nor a finding of facts by the court, and contains no exceptions. It cannot, therefore, be treated as the basis for any assignment of errors, and the questions argued, as if arising thereon, must be dismissed without further consideration.

We are of opinion, however, that the court erred in allowing interest from December 8th, 1854, until the entry of judgment on August 22d, 1883—a period of nearly twenty-nine years— upon the amount found due to the defendant in error.

The delay in the prosecution of the suit must be attributed to the plaintiff below. It was the actor, and had come into court for the purpose of asserting and enforcing a right, which the defendant below contested and denied, and which it was necessary to determine and ascertain. The verdict was purely formal, and was entered by consent, after the hearing of the evidence, merely as a basis for further proceedings, which were

to consist in an adjudication by the court of the questions of fact and law arising upon the testimony, and liquidation of the amount to be recovered in case the legal liability was found to exist. No step for this purpose was taken by the plaintiff after January, 1857, when he served upon the defendant the case made, until January, 1883, when he procured the order to bring into court and file it, a period of twenty-six years. In the meantime the suit had abated by the death of the defendant, having been revived in the names of his personal representatives in June, 1882, after the lapse of what period, since the defendant's death, the record does not disclose.

·· This delay in prosecution would certainly have justified the court in dismissing the action on its own motion. So far as the rights of third parties might have been affected by it, as a *lis pendens*, it had lost its force without such a dismissal, for, as to innocent strangers, acquiring interests to be affected by it, it would have been treated as abandoned and obsolete. *Fox* v. *Reeder*, 28 Ohio State, 181. There is nothing in the record, by which alone we must be governed, to show any reasonable excuse for the unusual and extraordinary delay in the progress of the suit; and that delay, as we have said, must be attributed to the defendant in error.

Interest is given on money demands as damages for delay in payment, being just compensation to the plaintiff for a defau' on the part of his debtor. Where it is reserved expressl· the contract, or is implied by the nature of the promise, i comes part of the debt, and is recoverable as of right; ~ when it is given as damages, it is often matter of discretion. In cases like the present, of recoveries for excessive duties paid under protest, it was held in *Erskine* v. *Van Arsdale*, 15 Wall. 75, that the jury might add interest, the plaintiff ordinarily being entitled to it from the time of the illegal exaction. But where interest is recoverable, not as part of the contract, but by way of damages, if the plaintiff has been guilty of laches in unreasonably delaying the prosecution of his claim, it may be properly withheld. *Bann* v. *Dalzell*, 3 C. & P. 376; *Newell* v. *Keith*, 11 Vt. 214; *Adams Express Company* v. *Milton*, 11 Bush, 49.

The statute of New York allowing interest on verdicts, relied on in argument as applicable, was intended for the government of the ordinary practice of the court, and cannot furnish the rule for a case that is excepted from it by the unexplained negligence and delay of the plaintiff. The verdict, indeed, in the present instance was purely formal, as much so as the penalty of a bond, which does not represent the amount equitably due, but stands only as security for it. In ordinary practice it may be convenient, and certainly would not be improper nor unjust, that interest properly allowed, on the real amount subsequently ascertained, should be calculated from the date of such a verdict; but in such cases it is not interest on the verdict in fact, because, until the amount is liquidated by the subsequent action of the court, there is no sum certain due on which interest could be computed. The finding of the court fixing the amount due is, in fact and in contemplation of law, the equivalent for the verdict of the jury, upon which interest may be allowed; and when that has been, as in the present instance, unreasonably delayed by the neglect of the plaintiff, he cannot justly claim interest by way of damages for delay which has been altogether his own. The date of the order for judgment in the present case is April 30th, 1883, from which time only interest should have been allowed.

*For this error, accordingly, the judgment is reversed, with costs in this court, and the cause remanded, with instructions to enter a judgment for the defendant in error for the sum of $715.70, with interest thereon from April 30th, 1883, together with costs in the Circuit Court.*