CHRIST and others *v.* SCHELL and others, Ex'rs, etc.

*(Circuit Court, S. D. New York.* July 14, 1887.)

1. VERDICT—SETTING ASIDE—PERFECTING.
   Where a verdict was not complete at the term when it was rendered, the court has power to set it aside at any subsequent term at which the case is before the court for the purpose of perfecting the verdict.

2. SAME—MISTAKE.
   Where, in a suit against a collector of customs, commenced March 4, 1861, and put in verdict May 27, 1864, by consent of counsel, a motion was made more than 20 years after the date of the verdict to set it aside, *held,* that the motion would not be granted, unless the fact of such mistake be made clear.

At Law.

*Almon W. Griswold,* for plaintiffs.

*Stephen A. Walker,* U. S. Atty., and *Thomas Greenwood,* Asst. U. S. Atty., for defendants.

WHEELER, J. This suit was commenced March 4, 1861. A verdict was rendered in it for the plaintiffs for the excess of duties on charges and commissions, to be adjusted by the clerk, May 27, 1864, by consent of counsel, before Mr. Justice NELSON and a jury. A like verdict, in 35 other cases, was taken at the same time, and in the same manner. No judgment has ever been entered on the verdict. The plaintiff moves to set aside the verdict on the ground that it was entered by mistake. The defendant insists that the court has not power to set aside the verdict after the expiration of the term at which it was rendered without consent, or on motion made at that term, and extension of the term for the purposes of the motion. *Bronson* v. *Schulten,* 104 U. S. 410; *Phillips* v. *Negley,* 117 U. S. 665, 6 Sup. Ct. Rep. 901. But this verdict was not a complete verdict on which any judgment could be rendered at that term, and has never become such at any term since. The case has been in court at every term for the purpose of perfecting the verdict, and within the power of the court for any purpose touching the verdict, as much as at that term. *Redfield* v. *Ystalyfera Iron Co.,* 110 U. S. 174, 3 Sup. Ct. Rep. 570. Prior to January 1, 1858, there appears to have been a firm composed of F. A. Spies, George Christ, and Louis Jay, which was succeeded on that day by another firm composed of George Christ, Louis Jay, and Julius Hess; which on the first day of January, 1861, was succeeded by the plaintiffs, all of which were engaged in importation. The first firm had three, and the second seven, suits, and the plaintiffs this one suit, against Augustus Schell, as collector, to recover back duties; and one of them of each of the former firms was to recover back excess of duties on charges and commissions. It is said that this suit was brought to recover back excessive duties on numerous importations of *mousseline de laines,* paid successively by each of these firms, and belonging to the plaintiffs, as parties in interest, who have succeeded to the rights of the former firms; and that at the time of the

verdict in this case the plaintiffs had no claim for duties on charges and commissions, because such excess had been included in a verdict in favor of Christ, Jay, and Hess, rendered February 25, 1864.

It is understood that under the Code of Procedure of the state suits must be brought by the party in interest, and that causes of action which accrued to one firm may be recovered upon by another firm which has succeeded to its rights. But the order of succession of these firms is inconsistent with the idea that Christ, Jay, and Hess recovered back excess of duties on charges and commissions paid by the plaintiffs, on the ground that they had succeeded to the rights of the plaintiffs, and were the parties interested in such recovery; for the plaintiffs succeeded them, and not they the plaintiffs, and the succession of right of recovery, if any, would be from them to the plaintiffs, and not from the plaintiffs to them. It is further understood that, under that Code of Procedure, the accruing of the right of recovery to the predecessors of, and the acquisition of it by, the plaintiffs as parties in interest, must be set out in the pleadings, and that there are no such allegations in these pleadings. This tends to show that this suit was brought to recover upon a right which accrued directly to the plaintiffs, and not upon rights which came to them through others. There are circumstances tending to show that the attorney for the plaintiffs has understood that there was a case pending in which a recovery on the importations of *mousseline de laines* might be had, and that at times the district attorneys in office had the same understanding. But the transactions are so ancient, and the cases against collectors in charge of the district attorneys have been so numerous, and the changes in that office so frequent, that it is not made clear, on the whole, that there was any mistake among counsel which resulted in the entry of this verdict. It may be that there was, but that is not enough for setting aside a verdict which has stood so long. The fact of the mistake should be made clear; and, on repeated examinations of the proofs, it is not clear. Therefore sufficient grounds for granting the motion do not appear. Motion denied.