(88 App. Div. 567.)

## WARNER v. JAMES et al.

(Supreme Court, Appellate Division, First Department.　December 11, 1903.)

1. PLEADINGS—SUFFICIENCY AGAINST JOINT DEMURRER.

    A complaint is good against a joint demurrer where it states a cause of action against either defendant.

2. DECEIT—ACTION—COMPLAINT—SUFFICIENCY.

    A complaint alleging that the directors of a corporation entered into a conspiracy to conceal the true facts as to the business methods and financial condition of the corporation, and to make fraudulent representations concerning such matters, issued circulars in pursuance of such conspiracy, inducing the public to make deposits with the company, and inducing existing depositors not to withdraw their deposits, and that plaintiff and his assignors were misled by such statements, and, relying thereon, deposited their money with such corporation, and did not withdraw the same until the corporation openly confessed its inability to continue its business, states a cause of action against the directors for deceit.

3. ACTIONS—MISJOINDER OF CAUSES—INDEPENDENT ACTIONS FOR DECEIT.

    A cause of action against directors of a corporation for making false representations as to the stability and conduct of the business of the corporation, thereby inducing plaintiff to make deposits with it, is improperly joined, under Code Civ. Proc. § 484, providing that it must appear on the face of the complaint that the united cause of action will affect all parties thereto, with a cause of action against other directors, who were not directors at the time the statements were made and were not connected therewith, for subsequently making statements inducing plaintiff not to withdraw his money from the corporation.

4. SAME—ACTS CONSTITUTING CONSPIRACY.

    The mere fact that both acts were part of one conspiracy to defraud the public by inducing them to make, and refrain from withdrawing, deposits, does not so connect the fraudulent acts as to justify their union in one action.

5. SAME.

    An allegation that during 1896 and 1897 defendants, who were directors in 1895, conspired with defendants L. and G. and others for the purpose of conducting the business of a corporation in a manner contrary to the articles of association, does not connect L. and G. with acts of the directors in 1895, in issuing false statements as to the stability and business of the corporation.

Appeal from Special Term, New York County. .

Action by William C. Warner against Thomas L. James and others, impleaded with William R. Pearce and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Wm. Hepburn Russell, for appellants.

Horace E. Deming, for respondent.

INGRAHAM, J. The complaint, which is quite voluminous, contains six separate causes of action. To it the defendants interposed a joint demurrer, one of the grounds being that causes of action have been improperly united. This demurrer was overruled by the Spe-

¶ 1. See Pleading, vol. 39, Cent. Dig. § 463.

cial Term, and from the judgment entered thereon the defendants appeal.

For a first cause of action the complaint alleges that the Anglo-American Savings & Loan Association was a domestic corporation formed in or about the month of November, 1890, under and pursu-ant to chapter 122 of the Laws of 1851; that such association continued in business until its dissolution on or about the 7th day of January, 1901; that the defendants James, Vermeule, and Hard were directors of the said association during the years 1895 to 1900, both inclusive; that the defendants Lounsbury and Gerding were directors of the said association from the year 1896 to 1900, inclusive; that the defendant Thompson was a director from 1898 to 1900, inclusive; that the defendant Gilbert was a director from 1895 to 1900, inclusive; that the defendant Pearce was a clerk and employé of the board of directors from the year 1895 to 1900, inclusive, and during the year 1899 was a director; that the defendant Matlock was a clerk and employé of the board of directors of said corporation during the years 1895 to 1900, both inclusive; that the defendant Van Wyxk was the attorney and counsel of said association, and of the board of directors thereof, from the years 1895 to 1900, both inclusive, and during the years 1895 and 1896 was a director of said association, and that during the time mentioned the defendant James was president, and the defendants held various other offices in the corporation; that during the years 1895 to 1900, both inclusive, the above-named defendants and others "confederated and conspired together for the purpose of conducting the business of the said Anglo-American Savings & Loan Association of New York in a manner contrary to and forbidden by its articles of association, and to conceal the true facts as to the business methods and the investments and financial condition of said association from the public and its depositors, and by false, fraudulent, and misleading statements, representations, and reports of the condition of said association, of the character of its business and business methods, and of the nature of its investments and its financial condition, to induce the public to make deposits of money with said association for investment by the directors thereof, and to leave such deposits subject to the control of the defendants herein, and not to withdraw the same"; that, in pursuance of the fraudulent conspiracy alleged, the defendants published advertisements, and printed and circulated among the depositors of said association and the public generally large numbers of reports, pamphlets, and other similar literature and cards purporting to be reports of the receipts and disbursements, assets and liabilities, of said association, and placed the same in the hands of agents and solicitors. The complaint then alleges the issuance in each of the years, from 1895 to 1900, both inclusive, of certain reports or circulars alleged to be the annual statement of the Anglo-American Savings & Loan Association for the years specified, and that said statements were so circulated and published as representations as to the business methods of the association and its directors, and to persuade the public to make deposits of money with said associa-

tion for investment by its directors, and to induce existing depositors not to withdraw their deposits and to make further deposits with said association for investment by its directors; that the printing and issuance of these articles of association and the annual statements were within the knowledge of the defendants, who did nothing to prevent the circulation thereof; that the said statements when made by the defendants and the corporation were false, and were known by the defendants to be false when issued, and were issued falsely and fraudulently with intent to mislead and deceive the public, including the plaintiff and his assignors, and that the plaintiff and his assignors were misled and deceived by the false and fraudulent statements, representations, and concealments aforesaid; that, relying upon said statements and representations contained in the said articles of association and in the prospectuses, reports, and records, and believing the same to be true, the public were induced to deposit, and did deposit, with the association millions of dollars for investment by its directors; that, relying upon the statements made in the publications before referred to, and believing the same to be true, the plaintiff deposited for himself and others upwards of $31,-000; that, believing the said false and fraudulent representations to be true, and in ignorance of said fraudulent concealments, this plaintiff and his said assignors were induced and persuaded, through reliance upon the supposed truth of said statements and representations, and in ignorance of said concealments, not to withdraw, and they never did withdraw, any of their deposits from said association, but, on the contrary, were induced and persuaded to leave said deposits with said association, and did so leave them until said association openly confessed its inability to continue in business and the said judgment of dissolution was entered; that the deposits made by the plaintiff were six in number, made between the 16th of November, 1895, and June 30, 1899, and aggregated $22,538.

For a second cause of action the plaintiff repeats the allegations as to the character of the representations made, and alleges that on the 14th day of May, 1898, he deposited for his two children with the association $554, and subsequently made additional deposits for his children; that on the 27th day of June, 1899, the plaintiff made for his wife a deposit of $5,236.

For a fourth cause of action the plaintiff alleges that at three dates, two in the year 1895, and one in the year 1899, he made deposits of moneys for one Cartwright, aggregating $3,430; that, prior to the commencement of this action, Cartwright assigned to the plaintiff all her deposits.

For a fifth cause of action the plaintiff alleges that on May 22, 1897, Mary Ellen Mee and Sarah Ann Mee, relying upon the said statements and representations, made deposits with the said corporation aggregating $455, which were prior to the commencement of the action assigned to the plaintiff; that in the years 1898, 1899, and 1900, one Hoddick, of Buffalo, made deposits of money with the corporation (believing the said representations to be true) aggregating $836, which was assigned to the plaintiff; and the plaintiff de-

mands judgment for these several sums so deposited, with interest.

The cause of action thus alleged is based upon the fraud of the defendants in issuing false and fraudulent representations as to the condition of the association which induced the plaintiff and the other persons mentioned to deposit money with the company, and seeks also to hold the officers and directors of the company who became such subsequent to the date of such deposits, upon the ground that by virtue of such subsequent fraudulent representations the plaintiff and those for whom he acted were induced to refrain from withdrawing the deposits made with the corporation. Some of the defendants were not directors of the corporation at the time the deposits were made, and their responsibility for those statements made subsequent to the deposits is based upon the allegation that they were made for the purpose of inducing the plaintiff not to withdraw the deposits while the corporation was solvent. The demurrer is joint, and therefore, if a cause of action is alleged against either of the defendants, the court below was justified in refusing to sustain the demurrer so far as it is based upon the ground that the complaint fails to allege facts sufficient to constitute a cause of action. We think that the allegations are sufficient to sustain a cause of action for deceit, and that upon that ground the defendants were not entitled to have this joint demurrer sustained.

A different question is presented, however, as to the ground of demurrer that causes of action are improperly united. Assuming that there could be a cause of action for the damages sustained by the officers of a corporation issuing false and fraudulent statements which induced a depositor of the corporation to refrain from withdrawing his money deposited with it, those officers or directors of the corporation who were directly responsible for the issuance of those circulars or reports would be responsible solely for the reports or circulars that they had issued, and not responsible for the reports and circulars that had been issued before they became connected with the corporation; and, in an action to recover damages for fraud or deceit, the party guilty of the fraud which induced a certain deposit to be made would be liable for that particular fraud, and it would be clearly improper to unite with such a cause of action one for a subsequent fraudulent representation made by other directors of the same corporation which caused a depositor damage, not directors when the original representations were made. The mere fact that both acts were a part of one conspiracy or combination to defraud the public generally by inducing them to make deposits, and to refrain from withdrawing deposits from the corporation, would not so connect the two fraudulent acts as to justify uniting in the same action a demand for the damages sustained by both frauds. It is the wrongful act that gives the cause of action, not the conspiracy or combination; and, while an allegation of a combination is sufficient to connect and make liable for fraud or deceit two or more persons, it is each wrongful act that gives the cause of action. This action illustrates the necessity of such a rule. Here certain of the defendants are alleged to have been directors of the

association in the years 1895 to 1900, inclusive, when these deposits were made, and these deposits were alleged to be based upon and induced by certain fraudulent misstatements by the directors then or prior to that time in office. If the plaintiff was entitled to recover from those directors the amount that he then deposited which was induced by fraud and fraudulent misstatements of the condition of the company, he would have no cause of action against the other defendants who subsequently became directors; and yet, if he succeeded in obtaining a judgment against the defendants, those who became officers or directors subsequent to the deposit would be made responsible for the frauds with which they were not connected. It is not alleged that these defendants who became directors in the company subsequent to the time that the deposits were made had any relation to or connection with the statements or representations made prior to the time that they became directors. Their liability depended entirely upon the fact that after the wrongful act that caused the deposit they issued statements as to the condition of the company which induced the plaintiff not to withdraw his funds from the possession of the company. Those subsequent representations had no relation to the original deposit with the corporation. Those directors who subsequently became such were not responsible for the original false representations which induced the original deposit. If the action was alone against the trustees who had been connected with each of the alleged frauds, and all of the frauds were alleged to have been the result of one scheme in which all of the defendants took part, but one cause of action would be alleged, although that cause of action consisted of separate acts, all of them combining to cause the damage to the plaintiff. Here, however, there are parties to the action who are not responsible for the original fraud. Thus, the first deposit made by the plaintiff was alleged to have been on or about November 16, 1895, and that that deposit was induced by the statements and representations as to the condition of the company, issued by the board of directors for that year. The defendants Lounsbury, Thompson, and Pearce were not directors during the year 1895, and it is not alleged that Lounsbury or Gerding was at all connected with the corporation during the year 1895. It is clear that a cause of action is alleged in the complaint against the defendants other than Lounsbury and Gerding, for which they are not responsible.

The case of Lincoln v. Claflin, 7 Wall. 132, 19 L. Ed. 106, relied upon by the plaintiff, does not sustain this complaint. In that case the plaintiffs brought an action against the defendants for fraudulently obtaining the property of the plaintiffs, alleging a combination and prearrangement between them by which Mileham, one of the defendants, purchased goods to a large amount of different parties upon false and fraudulent representations of his means and business, and that Lincoln, the other defendant, sold them at St. Louis within a few days afterwards at auction for less than their cost price, and appropriated the proceeds to his own use; the whole thing being alleged to have been done with intent to defraud the vendors of

their property. On the subject of the fraud the court charged that the jury must be satisfied, either that Lincoln was a party to the original fraud, or that he became a party to it by his own conduct and acts subsequently, with knowledge of the fraud, and that this last, if true, would be the same as though he had been a party to it originally; and it was held that it was sufficient to show that Lincoln subsequently, with knowledge of the fraud, became a party to it; that subsequent participation in the fraud and its fruits was as effective to charge him as preconcert and combination for its execution; that "the character of the transaction was not changed whether Lincoln was an original party in its inception or became a party subsequently; nor was the damage resulting to the plaintiffs affected by the precise day at which he became co-conspirator with Mileham. If, knowing the fraud contrived, he aided in its execution and shared its proceeds, he was chargeable with all its consequences, and could be treated and pursued as an original party. Every act of each in furtherance of the common design was in contemplation of law the act of both."

Here there is no allegation that Lounsbury and Gerding had any participation in or knowledge of the fraud committed by the officers of this corporation during the year 1895, when they issued the statements in relation to the corporation of that year, and by which the plaintiff claims that he was induced to make his first deposit; and there is nothing alleged that connects them with the fraud committed by the directors in that year. The allegation in the fourteenth paragraph of the complaint that during the years 1896 to 1897, both inclusive, the defendants who were the directors in the year 1895, and the defendants Lounsbury and Gerding and others, "confederated and conspired together for the purpose of conducting the business of the said association in a manner contrary to and forbidden by the articles of the association," does not in any way connect Gerding and Lounsbury with the acts of the directors in the year 1895; nor does the twenty-fourth paragraph of the complaint allege that the defendants Lounsbury and Gerding had any knowledge of the annual statements for the year 1895, when they were not connected with the corporation. The same may be said of paragraph 30 of the complaint.

We think, therefore, that two causes of action are alleged, and that they are not properly united in one action, as under section 484 of the Code it must appear upon the face of the complaint that all causes of action united affect all parties to the action. The cause of action for the original fraud that induced the plaintiff to make the first deposit could not affect the directors who became connected with the company subsequent to that deposit, and for that reason the demurrer should have been sustained.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below. All concur.