### THE ELIZA LINES.

#### (Circuit Court of Appeals, First Circuit.   January 28, 1904.)

#### Nos. 368–371.

1. ADMIRALTY—APPEAL—REVIEW.
    Where a computation made by a commissioner in admiralty contains a plain error, which was called to the attention of the court, it may be corrected in the appellate court, although no formal exception was taken on that ground to the commissioner's report.

2. SAME—INTEREST.
    The allowance of interest on an adjustment of conflicting claims in admiralty is discretionary with the court.

3. SAME—ERRONEOUS ORDER.
    One who acted as agent for a party in obtaining an erroneous judgment directing the sale of a cargo, but who was not a party to the record, and had no personal interest in the suit, cannot be held liable in damages as a tort feasor on account of the sale.

On Rehearing.   For former opinion, see 114 Fed. 307.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

PER CURIAM.   Upon a rehearing of certain points in this case, we find that there is substantial error in the decree of the Circuit Court, due to an erroneous step in the computation of the amount of liability of Ward & Co.   In making up this amount they were credited with the amount of freight's contribution to general average.   This is clearly a credit to which they are not entitled in such computation.   We repeat, however, the expression in our former opinion:

"It is by no means clear, however, that the preliminary opinion of the Circuit Court justified the commissioner's mode of computation in his first report, or that the alternative report is so clearly correct that we can now adopt it."

In discussing the question of waiver it was said in our former opinion that, if the parties had intended to rely upon objections to computations by the commissioner, the point should have been taken at least upon the hearing before the Circuit Court, and in that opinion we acted upon the assumption that the point was not taken there.   Upon careful consideration of the arguments on rehearing it is now made clear that the point was urged before the Circuit Court, and we have reached the conclusion that it would be unjust to treat this question as waived by counsel.   Aside from all questions of whether the error arose from the court's direction or from a misinterpretation of its directions by counsel or commissioner,

¶ 2. See Admiralty, vol. 1, Cent. Dig. § 603.

we think it sufficient to say that in the computations adopted there was an erroneous credit, a plain error, and that counsel were reasonably diligent in their efforts to have this error brought to the attention of the Circuit Court and corrected. That it was presented in the Circuit Court is stated upon the brief for Ward & Co. The error was also before the Circuit Court on the face of the computations of the commissioner's original report, and was amply explained by the commissioner's supplemental report. That it was not corrected as a plain error of accounts was possibly due to the multitude of other details presented to the Circuit Court prior to the entry of its decree. The amount involved is important, and we think that the liberal doctrine upon which this court proceeded in The Chattahoochee, 74 Fed. 899, 906, 21 C. C. A. 162, and in Cuddy v. Clement, 113 Fed. 454, 51 C. C. A. 288, is a sufficient ground for our intervention to cure this error, and that the rights of the parties should not be solely dependent on the application of strict rules of procedure.

For Ward & Co. it is contended that the error of the deduction of freight's contribution to general average from the total amount of Ward's liability has been substantially cured, for the reason that the decree of the Circuit Court is founded on the assumption that freight's contribution to general average was charged against Ward & Co. by being offset against items of credit; in other words, that errors of computation on one side were set off against errors of computation on the other side, and that a balance was struck, which the Circuit Court found, on the whole, reasonable and just. Upon a careful reading of the opinion of the Circuit Court, we find no indication that the item in question was thus used as an offset. On the contrary, by its specification of the general class of errors offset the opinion seems to negative this conclusion. We find nothing in the opinion that seems to us sufficient to cure the plain error of deducting freight's contribution to general average, and no calculations based upon the evidence or findings of the court are presented to support the contention that this item was in fact included in the balancing of errors.

We are further of the opinion that the Circuit Court did not err in crediting to Ward & Co. the proceeds of the cargo. The cargo was their property, and its proceeds were applied by the District and Circuit Courts to the payment of the different claims against them; and the amount was a just credit in the computation of the total amount of their pecuniary liability. To deny them credit for the item of $797.65 as expenses wrongfully thrown upon the cargo by procuring a sale would be entirely inconsistent with the general mode of computation for determining Ward & Co.'s liability adopted by the Circuit Court, and carried out by the commissioner.

We are further of the opinion that there was no error of the Circuit Court in its directions as to interest, or in its failure to allow interest. This matter rested in the discretion of the court below, and we find no reason to disturb its action. The Maggie J.

Smith, 123 U. S. 349, 356, 8 Sup. Ct. 159, 31 L. Ed. 175; The Albert Dumois, 177 U. S. 240, 255, 20 Sup. Ct. 595, 44 L. Ed. 751; Redfield v. Ystalyfera Iron Co., 110 U. S. 174, 3 Sup. Ct. 570, 28 L. Ed. 109.

The remaining question is as to the dismissal of Bradford Darrach from the cause as a party. By the final decree, judgment was given against him and his sureties for the full amount of his stipulation. We fail to find, in the briefs on rehearing, any specific reason why he should have been retained in the cause, or why the decree should run against him, as well as against the members of the firm of Ward & Co., except possibly the following: "It is not correct to say that he 'throughout appeared only as the agent of James E. Ward & Co.'" "Darrach acted throughout as the agent who enabled the wrongful acts of Ward & Co. to be accomplished." "Darrach chose to act as the agent of Ward & Co., and he must stand the consequences." The general suggestion of possible, but unspecified, injuries which might result from his dismissal is too vague, and does not require us to make conjectures as to its specific meaning.

It is apparently suggested that Darrach should be retained as a party whose liability rests upon a tortious or wrongful act, but we think this theory of liability is not tenable. While the order for a sale made by the District Court was erroneous, the procuring of that order was not a tort, and Darrach's participation did not make him a tort feasor. There was an appeal in good faith to a judicial tribunal for the determination of legal rights. The reversal of its decision does not make the parties liable as tort feasors for procuring erroneous action.

"On the reversal of the judgment, the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost." Bank of United States v. Bank of Washington, 6 Pet. 8, 8 L. Ed. 299; Northwestern Fuel Co. v. Brock, 139 U. S. 216, 11 Sup. Ct. 523, 35 L. Ed. 151.

Save as a stipulator, we think that the Circuit Court was right in holding that he "throughout appeared only as the agent of James E. Ward & Co.," and in discharging him as a party. Darrach was not a party to the record who had received the benefit of an erroneous judgment. Upon principles of special contract, he was under no obligation other than that for which judgment has been given against him. Upon principles of tort, he is not liable, as he was not a tort feasor; and the obligation to make restitution arising under the doctrine of the cases cited is an obligation implied by law upon equitable principles. It is unnecessary to consider how far the principle that, upon the reversal of an erroneous judgment, there should be indemnity, would give rise to an obligation of an agent who represented an irresponsible principal, since the record raised no question of this character. The Circuit Court imposed the obligation where it ultimately belonged—upon Ward & Co.; and, consistently with the reasoning which led to that result, and in the absence of any apparent reason for further retain-

ing a party who had appeared merely on behalf of his principals, who had subsequently intervened, dismissed him and held the principals. We find no error here.

The case is remanded to the Circuit Court, with directions to that court to revise the amount of the judgment against James E. Ward & Co. by disallowing the personal credit to them of freight's contribution to general average, and to award against said James E. Ward & Co., in addition to the several sums already awarded against them in the decree of the Circuit Court, $1,525.43, the amount of said credit, together with interest thereon from May 12, 1899; 45 per cent. of which amount and interest is to be recovered by Catharine T. Black, administratrix, in behalf of herself and the other part owners of the schooner Edward E. Barrett, and the remaining 55 per cent. and interest is to be recovered by the Banque de Gênes and Hans Andreasen; said amount of 55 per cent. and interest, however, to be subject to the priorities, as between said Banque de Gênes and Hans Andreasen, already provided in the decree of the Circuit Court. In other respects the decree of the Circuit Court is affirmed; neither party to recover costs in this court.