MARY H. JONES

*v.*

EMPSON K. HAINES et al.

[Heard July 12th, 1911.  Determined July 19th, 1911.]

1. Where a trustee under a will procured no release from a beneficiary, and there was no direct or presumptive evidence to justify the conclusion that the acts of the trustee, though in the interest of the beneficiary, were performed by him and accepted by the beneficiary in discharge of the trust, the trust must be deemed to have continued, since against an express and subsisting trust the statute of limitations affords no bar.

2. The termination or satisfaction of a trust may be presumed from lapse of time or gross laches in its enforcement amounting to acquiescence.

3. Where a beneficiary under a will delayed in demanding from the trustee the payment to her of her share of the estate because of her belief that a larger amount was to be received by her under the will of the trustee, and the trustee's statements to her son fully justified that belief, such delay will not deprive the beneficiary of relief by suit.

4. Where a beneficiary entitled to a share of a trust estate neglected for over twenty-eight years to bring suit to enforce payment by the trustee, interest, which if recoverable would be as damages, will not be allowed.

On bill, &c.

*Messrs. Wilson & Carr,* for the complainant.

*Mr. Ernest Watts* and *Mr. Joseph H. Gaskill,* for Carrie L. Haines and others.

*Mr. Horace F. Nixon,* for Empson K. Haines.

LEAMING, V. C.

It was clearly the duty of Nathan Haines, at the decease of his mother in January, 1883, to distribute the estate of his father, then in his hands, to his brothers and sisters pursuant to the terms of his father's will. At the foreclosure sale, later in the same year, it was his duty to distribute in like manner the amount realized at that sale upon the second mortgage. Instead of adopting that course he determined upon a plan which he manifestly believed to be of greater service to complainant than the payment to her of her share. It is difficult to contemplate the course adopted by him without being deeply impressed that what he did was in fact of much greater benefit to complainant than the benefits she would have received had he permitted her home to be sold to strangers and then paid to her in cash the portion of the estate she was entitled to receive. Her share of the estate, exclusive of the mortgage made by her husband, appears to have been about $1,500; her share of the mortgage would have been about $500, making in all, approximately, $2,-000 as her total share of the estate. The course adopted by Mr. Haines enabled complainant and her husband and their large family of children, ranging in ages from seven to twenty-one years, not only to retain their home but to do so at what was manifestly a small rental, as the annual rent and taxes paid represented but about five per cent. of the price at which the farm was purchased at the foreclosure sale. That the conduct of

Mr. Haines was prompted by motives of magnanimity there can be little doubt. But however generous his motives and conduct may have been, the law imposed upon him the duties already referred to which he was not at liberty to disregard without the sanction of his *cestui que trust.* Had he procured from complainant a release similar to that procured from the other beneficiaries under the will, so that relief to complainant at this time would necessitate an affirmative decree setting aside the executed instrument, *Lutjen* v. *Lutjen, 64 N. J. Eq. (19 Dick.) 773,* might be relied upon as an authority for the denial of relief by reason of laches; but in the absence of such release or evidence, either direct or presumptive, sufficient to justify the conclusion that the acts performed by Mr. Haines in the interest of complainant as his *cestui que trust* were performed by him and accepted by her in discharge of the trust, the trust must be deemed to have continued. As against an express and subsisting trust the statute of limitations affords no bar. In *Kane* v. *Bloodgood, 7 Johns. Ch. 90,* Chancellor Kent reached the conclusion that where a concurrent legal remedy existed through a statute authorizing a suit at law for a legacy or distributive share, the statute of limitations would be enforced in equity; but that view has been expressly repudiated in this state. *Hedges* v. *Norris, 32 N. J. Eq. (5 Stew.) 192.* The termination or satisfaction of a trust may also be presumed from lapse of time or gross laches in its enforcement amounting to acquiescence (*Starkey* v. *Fox, 52 N. J. Eq. (7 Dick.) 758),* but such presumptions may be rebutted. In the present case, satisfactory evidence exists to the effect that complainant's delay in demanding the payment to her of her share of the estate was by reason of her belief that a larger amount was to be received by her through the will of Mr. Haines, and that Mr. Haines's statements to complainant's son fully justified that belief upon her part. I am fully convinced that under the law as defined by the decisions of the courts of this state the long expiration of time cannot be deemed operative to deny relief to complainant, and that such favors as complainant has received, including the legacy of $1,000, must be regarded as gratuities.

A different rule exists, however, touching interest on the

amount which was due complainant as her share of the estate of her father. To require the estate of Mr. Haines to pay interest on that amount for the long period of time that has elapsed since the amount was first payable, now over twenty-eight years, would be not only extremely unjust under the circumstances of this case, but contrary to the rule adopted in cases of this nature. If interest should be here recovered, it would necessarily be as damages and not by reason of any contract therefor; in such cases interest will not be allowed where the delay in the payment of the principal is the result of neglect of the claimant to enforce payment for so long a time. *Redfield* v. *Ystalyfera Iron Co., 110 U. S. 174; Sanborn* v. *U. S., 135 U. S. 271.* See, also, *22 Cyc. 1485,* and cases there collected.

I am obliged to advise a decree in favor of complainant for her share of the estate of her father which came to the hands of Mr. Haines without interest. As the amount which was distributed to the other heirs is known, and the amount applicable to the payment of the second mortgage at the foreclosure sale is easily ascertained, the ascertainment of the total amount is scarcely more than a matter of calculation. I will, however, make reference to a master for ascertainment of the exact amount if either party desires.