WHITE et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1913.)

No. 2,347.

1. PUBLIC LANDS (§ 13*)—TRESPASS—CUTTING TIMBER—DAMAGES.
Where 13 years expired after the conversion of certain timber from public land before suit was brought therefor by the United States, plaintiff's damages were limited to the market value at the time of the conversion, and it could not recover the highest market value up to the time of the trial.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. § 13.*]

2. DAMAGES (§ 69*)—INTEREST—TORTS.
Interest is not allowed in actions of tort in a federal court as a matter of right, but its allowance as a part of plaintiff's damages is discretionary with the jury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec. Dig. § 69.*]

3. DAMAGES (§ 69*)—INTEREST—TORTS.
Where the United States delayed 13 years before suing for conversion of lumber, manufactured into timber, taken from the public domain, it was not a proper exercise of discretion to allow interest on the damages recovered.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec. Dig. § 69.*]

4. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR—NECESSITY.
A plain error may be noticed on appeal, without assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Action by the United States against W. M. White and others, as executors of J. J. White, deceased. Judgment for the United States, and defendants bring error. Affirmed on condition.

J. I. Ford, of Pascagoula, Miss., and J. S. Sexton, of Hazelhurst, Miss. (W. A. White, of Gulfport, Miss., on the brief), for plaintiffs in error.

R. C. Lee, U. S. Atty., of Jackson, Miss. (William H. Armbrecht, Sp. Asst. Atty. Gen., of Mobile, Ala., on the brief), for the United States.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was an action by the United States, as plaintiff in the court below, defendant in error in this court, against the intestate of the plaintiffs in error and others, for damages for cutting and converting timber from the lands of the United States. The principal question in controversy in the court below was as to which of the various defendants sued cut the timber, the cutting of which was complained of by the plaintiff. So

far as the errors assigned relate to the question of the liability of the intestate of the plaintiffs in error, we find them to be without sufficient merit to justify the reversal of the judgment.

[1] The plaintiff recovered a judgment based on a value for the timber converted, in excess of its manufactured value at the time of the conversion, based upon a charge of the court, excepted to by the defendant, which permitted the jury to assess the highest market value of the manufactured lumber as shown by the evidence at any time up to the trial of the cause in the court below. The trial occurred some 13 years after the conversion. The rule invoked by the plaintiff that justified this measure of damages, when applicable otherwise, is limited to cases in which suit is instituted within a reasonable time after the conversion. Galigher v. Jones, 129 U. S. 193, 9 Sup. Ct. 335, 32 L. Ed. 658. We do not think that the rule should be applied to a case in which the plaintiff delayed so unreasonably, as in this case, to institute its suit. We think the jury were authorized to find that the intestate of the plaintiffs in error was a willful trespasser and liable for the manufactured value of the lumber at the time of its conversion, which was shown to be $10 a thousand feet, but for no greater measure of damages. Bolles Woodenware Co. v. U. S., 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230.

[2] The verdict and judgment show, and the parties concede, that interest was allowed by the jury from the date of conversion to the date of trial—a period of 13 years—aggregating $2,152.80, almost one-half of the entire judgment. The oral charge of the court is set out in the bill of exceptions in its entirety, and contains no reference to the question of interest. Interest in actions of tort in the federal courts is not allowable as a matter of right; but its allowance, as part of plaintiff's damages, is discretionary with the jury. Eddy v. Lafayette, 163 U. S. 458–467, 16 Sup. Ct. 1082, 41 L. Ed. 225.

[3] The jury were not instructed by the court below that they possessed any such discretion, and probably included interest in their verdict upon the idea that the plaintiff was entitled to it as a matter of right, and not of discretion.

[4] It is true the plaintiffs in error do not assign error because of this omission of the court, but a plain error may be noticed by us, in the absence of any assignment. In view of the long and unexplained delay on the part of the government in instituting the suit, we feel that a proper exercise of discretion by the jury would have denied the plaintiff interest.

In view of these conclusions, the recovery of the plaintiff, in the court below, should have been limited to the value of the lumber manufactured from the timber converted, at $10 per thousand feet, without interest, which, as appears from the judgment entry, would amount to the sum of $2,300. The order of the court is that, unless the defendant in error enter upon the record of the court below, within ——, days from the date of this judgment, a remittitur of that part of the judgment in excess of the amount mentioned, the judgment of the court below be reversed, and the cause remanded for further proceedings; but, if the remittitur is entered by the defendant in error, as herein required, the cause stand affirmed, with costs.