# HOLLINBERGER v. STEWART.

CONSPIRACY; PREARRANGEMENT.

An action for damages for an alleged conspiracy cannot be maintained without allegation and proof of prearrangement, combination, or collusion to effect an illegal purpose.

No. 2559.   Submitted November 4, 1913.   Decided December 1, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action for conspiracy.                                  *Reversed.*

The COURT in the opinion stated the facts as follows:

This action was brought in the supreme court of the District of Columbia by Howard R. Stewart, appellee, plaintiff below, against one Roche, the keeper of a bowling alley and restaurant in this city, a policeman named "Constable," and appellant Joseph T. Hollinberger, captain of police in charge of precinct number 1.   The defendants are charged with unlawful conspiracy to extort money from plaintiff.

It appears from plaintiff's testimony, as detailed in the record, that he, in company with a friend, was bowling in Roche's place, when plaintiff accidentally broke two lights.   Roche demanded of plaintiff a deposit of $2 to replace the lights.   Plaintiff stated that the lights were not worth over $1.50, and that he would leave his name and address, and, if the bill for repair-

ing the lights was sent to him, he would pay it; whereupon Roche called the policeman Constable, and told him plaintiff had broken his lights and had refused to pay for them. "The policeman then put his hand on plaintiff's shoulder and said he guessed plaintiff would have to come and tell this to the lieutenant." Plaintiff said he would go with the policeman to the District Building to see whether he was right or wrong.

Arriving at the police station, they found Roche in Hollinberger's private office, and, as they walked in, Hollinberger said, "What is this you young men have been doing? Breaking this man's lights?" Whereupon plaintiff informed him that he had broken the lights accidentally, but that he would pay for them when he knew what they were worth. Then Hollinberger said: "We will put a charge of malicious attempt to destroy private property." Hollinberger then asked plaintiff if he would pay for the lights, to which plaintiff responded that he would when he knew what they were worth. Roche then said he did not know what they were worth, and plaintiff would have to leave a deposit for the lights. Hollinberger then inquired of Roche if he desired to prosecute plaintiff, to which Roche replied that he did. He then inquired of Roche if they should put a charge of malicious conduct, malicious breaking of private property against plaintiff, to which Roche replied, "Yes." Hollinberger again asked the plaintiff if he was going to pay for the lights, to which plaintiff replied, "Yes," but would not make a deposit. Hollinberger then said to defendant Constable, "Lock him up." Constable took plaintiff across the room, and, as they were going out, suggested to plaintiff that he ought to get out of this the easiest way he could. When they reached the bar at the opposite side of the room plaintiff's name and address were taken. Plaintiff did not have sufficient money to make full payment, and offered a diamond ring. Hollinberger then discharged plaintiff upon his agreement to pay Roche for the lights the following morning. Hollinberger said if the lights were not paid for by 8 o'clock, he would swear out a warrant for plaintiff and take him out of the bureau where he worked, in the presence of all his friends. With this understanding, plaintiff was discharged.

Nothing further was done in the case, and plaintiff did not pay Roche for the lights.

At the conclusion of the evidence, plaintiff dismissed the case as to defendant Constable. The jury returned a verdict against the remaining defendants for $2,500, which was reduced by remittitur, on order of the court, to $1,000.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant.

*Mr. Fred B. Rhodes* and *Mr. Paul B. Cromelin* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The declaration is on the case for damages in the nature of a writ of conspiracy. There is a fatal variance between the declaration and the proof. To sustain an action for conspiracy three things must be present,—"a conspiracy, tortious acts in furtherance of it, and consequent damage to the plaintiff." *Findlay* v. *McAllister,* 113 U. S. 104, 28 L. ed. 930, 5 Sup. Ct. Rep. 401; *Adler* v. *Fenton,* 24 How. 407, 16 L. ed. 696. We are aware that some of the text writers and certain of the State courts have held that an action of this sort may be maintained although no conspiracy be proved, but the rule of the Supreme Court, which is binding here, is that an action for conspiracy which fails to establish prearrangement, combination, or collusion to effect an illegal purpose, must fail.

Plaintiff's own testimony totally fails to establish any prearrangement, combination, collusion, or understanding among defendants as to any contemplated action to be taken against him. Had such a conspiracy been entered into by Roche and Constable, and subsequently Hollinberger, knowing of the arrangement, had become a party to it, and the declaration had alleged it, and the proof had been sufficient to support the allegation, appellant might have been held as a coconspirator. *Lincoln* v. *Claflin,* 7 Wall. 132, 19 L. ed. 106. But that is not this

case. Not only is no such prearrangement alleged, but the proof fails to establish it. It is not important that plaintiff may have had a good cause of action against defendants for false arrest. The present case must fail for lack of the essential elements of conspiracy.

The judgment as to appellant is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.                                   *Reversed.*