### UNITED STATES v. CARLSON et al.

(District Court, D. Minnesota, Third Division. February 18, 1927.)

1. **Damages** ⬡⟿208(9)—**In tort cases, allowance of interest is jury question; but allowance may be abuse of discretion in particular case.**

General rule, in tort cases, is to leave question of interest as damages to discretion of jury; but allowance of interest may, under facts and circumstances of particular case, constitute clear abuse of discretion.

2. **Public lands** ⬡⟿123—**Government held entitled to recover interest from defendants procuring timber lands by fraud, notwithstanding lack of diligence in discovering fraud (Stone and Timber Act [20 Stat. 89, as amended by Act Aug. 4, 1892, § 2 (27 Stat. 348)]).**

Government's lack of diligence in discovering defendants' fraud in procuring timber lands from it under Stone and Timber Act (20 Stat. 89, as amended by Act Aug. 4, 1892, § 2 [27 Stat. 348]), and in demanding restitution, did not prevent recovery of interest on difference between price paid for land and market value thereof from defendants, who retained lands of ascertainable value or proceeds thereof for many years.

3. **Courts** ⬡⟿96(1)—**District Court may treat Supreme Court decision on question assigned as error and fully briefed as establishing law, though no exception taken.**

District Court is justified in treating decision of Supreme Court, on question assigned as error and fully briefed, though no exception was taken, as establishing the law, until Supreme Court departs from rule of decision announced thereby.

At Law. Action by the United States against John C. Carlson and another. On defendants' motion for an order annulling that part of the verdict of the jury representing the assessment of interest on the principal amount of damages. Motion denied.

Lafayette French, Jr., U. S. Atty., and James A. Wharton, Asst. U. S. Atty., both of St. Paul, Minn.

Clapp, Richardson, Elmquist, Briggs & Macartney, of St. Paul, Minn., for defendants.

JOHN B. SANBORN, District Judge. It is conceded that the court has the power to annul a severable part of a verdict, where it is invalid and is clearly distinguishable from the remainder of the verdict. This was an action brought by the United States to recover damages for fraud. In 1904 the defendants procured 18 entrymen to go with them to the state of Oregon to make entry of government timber lands under the Stone and Timber Act (20 Stat. 89, as amended by Act Aug. 4, 1892, § 2 [27 Stat. 348]). After the entrymen had procured their patents, they deeded the lands to the defendants. The government claimed that this was done pursuant to a fraudulent scheme or plan, that these entrymen had a prior arrangement with the defendants to deed them these lands for $100, and that the defendants paid all of the expenses of the trips to and from Oregon. The evidence indicated that the lands, for which $2.50 an acre was paid, were worth from $5 to $6 an acre. The government did not bring suit until 1925 to recover its damages.

The government attempted to prove what the defendants got for the land in 1907 when they sold it, but was not permitted to do so over the objection of the defendants that it was not the proper measure of damages; that the government was limited to the difference between what the defendants paid for the land and what it was actually worth in the year 1904. The jury were told that the matter of the allowance of interest as damages was a matter in their discretion, and were requested to assess the principal damages in one amount and the interest in another, and to then total the two items. This they did, finding, upon the evidence, that the government was entitled to recover. The court, in its charge to the jury, also expressed the opinion that, if interest was allowed, it might be

fair to allow interest at 6 per cent. from the time of the fraud to such time as the government, in the exercise of reasonable care, ought to have discovered that the fraud had been committed.

This instruction was based upon the authority of Jones v. United States, 258 U. S. 40, 42 S. Ct. 218, 66 L. Ed. 453, which was a similar action, and in which it appeared that about 18 years expired from the time of the issuance of the final certificates until the time of the trial of the case. In that case, the court instructed the jury that the measure of damages was the market value of the lands, "with legal interest at 6 per cent. from the date of the final certificates to that of the trial." Mr. Justice Holmes, in delivering the opinion of the court, says, on page 49 of the opinion (42 S. Ct. 220):

"The only occasion for difficulty or doubt is an instruction by the court to the jury that if they found for the plaintiff the measure of damages was the market value 'with legal interest at 6 per cent.' from the date of the final certificates to that of the trial. The Circuit Court of Appeals disposed of this by saying that the attention of the court was not called to the question of interest. The bill of exceptions states that the defendant excepted to that part of the instruction, while on the other hand the transcript of the proceedings in court so far as intelligible would indicate that the Circuit Court of Appeals was right. The usual rule in tort cases has been to leave the question of interest to the jury. Lincoln v. Claflin, 7 Wall. 132, 139 [19 L. Ed. 106]; Eddy v. Lafayette, 163 U. S. 456, 467 [16 S. Ct. 1082, 41 L. Ed. 225]. But when the wrong consists of depriving the owner of property having a definite or ascertainable value there would seem to be the same reason for allowing interest as if there had been a misappropriation of money. The discretion of the jury does not mean the right to gratify a whim or a personal fancy. An indication of opinion on the part of the judge certainly would have been allowable, Graham v. United States, 231 U. S. 474, 480 [34 S. Ct. 148, 58 L. Ed. 319], and the tendency of late cases in this country is to sustain the ruling [citing cases]. In the circumstances of this case we are of opinion that the judgment must stand."

[1] The general rule is that, in cases of tort, the question of interest as damages is to be left to the discretion of the jury. Lincoln v. Claflin, 7 Wall. 132, 19 L. Ed. 106; Eddy v. Lafayette, 163 U. S. 456, 467, 16 S. Ct. 1082, 41 L. Ed. 225; District of Columbia v. Robinson, 180 U. S. 92, 107, 108, 21 S. Ct. 283, 45

L. Ed. 440; Bates, Receiver, v. Dresser, 251 U. S. 524, 40 S. Ct. 247, 64 L. Ed. 388. The defendants, however, call attention to the cases of Redfield v. Ystalyfera Iron Co., 110 U. S. 174, 3 S. Ct. 570, 28 L. Ed. 109; United States v. Sanborn, 135 U. S. 271, 10 S. Ct. 812, 34 L. Ed. 112; Redfield v. Bartels, 139 U. S. 694, 11 S. Ct. 683, 35 L. Ed. 310; White v. United States (C. C. A.) 202 F. 501.

In the case of Redfield v. Ystalyfera Iron Co., supra, suit was brought in 1854 for the recovery of excessive duties. The next step in the case was taken in June, 1882. The case was tried in 1883, and it was ordered that judgment be entered upon the verdict for $715.70, with interest from December 8, 1854. The court said, in reversing the case:

"In cases like the present, of recoveries for excessive duties paid under protest, it was held in Erskine v. Van Arsdale, 15 Wall. 75 [21 L. Ed. 63], that the jury might add interest, the plaintiff ordinarily being entitled to it from the time of the illegal exaction. But where interest is recoverable, not as part of the contract, but by way of damages, if the plaintiff has been guilty of laches in unreasonably delaying the prosecution of his claim, it *may* be properly withheld."

The case of United States v. Sanborn, supra, was a suit brought by the government to recover back money paid by mistake to Sanborn for services rendered in the collection of taxes, 10 years after the payment had been made. The case was tried by the court without a jury, and interest was allowed. It was held that, in the absence of any showing of a reason for the delay, and particularly when it did not appear that the defendant had earned interest on the money improperly received, interest should not have been allowed as damages. The cases of Redfield v. Bartels, supra, and White v. United States, supra, follow the same rule.

It would seem, therefore, that, while the allowance of interest as damages in tort cases is within the discretion of the jury, under the facts and circumstances of a particular case, the allowance of interest might constitute a clear abuse of discretion.

[2] It is easy to see why a Collector of Customs or a public official should not be required to pay interest on moneys improperly collected, after many years' time. It is not so easy to see why men who have deliberately and knowingly defrauded their own government of lands of ascertainable value, and who retain those lands or the proceeds of them for many years as their own, can escape with the payment merely of the difference between

what they paid and the market value of the land at the time they committed the fraud. In such a case, it would seem that the duty on their part to return to the government what they had wrongfully taken, or damages in lieu of it, would more than offset any lack of diligence on the part of the government in uncovering their fraud and making demand upon them.

[3] There is no doubt that the case of Jones v. United States, supra, is directly in point here, but it is suggested that what Mr. Justice Holmes said about interest was obiter, by reason of the fact that it was not necessary for him to decide that matter, no exception having been taken in the court below. The Supreme Court and the other appellate courts frequently decide questions, where no proper exceptions have been taken, if they think that justice requires it. It will be noted that, in the Jones Case, the question of the right to allow interest as damages was assigned as error, and was fully briefed and presented to the court. The decision may not seem to be entirely in line with the cases cited by counsel for the defendant, but it is the last word of the Supreme Court on the subject, and this court is fully justified in treating it as the law until such time as the Supreme Court may desire to modify or depart from it.

The motion of the defendants must be denied. It is so ordered.